BOWLING, Appellee,

v.

OHIO REAL ESTATE COMMISSION, Appellant.

[Cite as *Bowling v. Ohio Real Estate Comm.* (1993), 91 Ohio App.3d 746.]

Court of Appeals of Ohio,
Butler County.

No. CA93–06–119.

Decided Dec. 27, 1993.

*Jack F. Grove,* for appellee.

*Lee Fisher,* Attorney General, and *William Damsel,* Assistant Attorney General, for appellant.

WALSH, Judge.

Plaintiff-appellee, Eula Bowling, is a licensed real estate broker. Bowling represented Earlene C. Wright in connection with the listing of Wright's property for sale. A young family interested in buying the home put a $100 earnest money deposit with Bowling on Wright's property. Hard times, however, befell the young family. Financing through the Veterans' Administration collapsed. The father, recently discharged from the military and unable to find work, had to re-enlist. Unable to go through with the deal and after attempting unsuccessfully to get Wright to release the money, the family went to see Bowling to plead with her to return their deposit. Bowling did so.

Wright filed a complaint against Bowling for releasing the deposit money without her consent even though Bowling had reimbursed Wright. The Ohio Real Estate Commission ("OREC") investigated the complaint and charged Bowling with misconduct in violation of R.C. 4735.18(A)(6) and (26).

Bowling and OREC entered into a settlement agreement that included the following clauses:

"2. Eula Bowling admits that said offense constitutes a violation of Ohio Revised Code Section 4735.18(A)(26) and a violation of Ohio Revised Code Section 4735.18(A)(6).

"3. Eula Bowling hereby agrees to forgo her administrative remedies, and waives any and all rights to administrative hearings and to appeals in this matter before the Ohio Real Estate Commission or any other judicial body in the state of Ohio having jurisdiction over this matter.

"4. Eula Bowling understands that this administrative case shall be heard by the Ohio Real Estate Commission at its next regularly scheduled meeting at which time the Ohio Real Estate Commission shall decide whether to suspend or revoke the license of Ms. Bowling for violation of Section 4735.18(A)(26) and Section 4735.18(A)(6) and that Ms. Bowling may appear at this meeting with counsel and present mitigating evidence, if any, to the commission. In lieu of appearing at the hearing, Ms. Bowling may present mitigating evidence in writing to the commission.

"5. It is understood by the Superintendent and Eula Bowling that this Settlement Agreement is subject to approval of the Ohio Real Estate Commission."

Bowling entered the agreement with advice from counsel.

Bowling appeared before OREC on May 27, 1992 with counsel to present mitigating evidence. OREC voted to suspend Bowling's broker license for sixty days, thirty days of which were waived.

Bowling, dissatisfied with OREC's decision, appealed to the Butler County Court of Common Pleas. OREC filed a motion to dismiss citing Bowling's waiver of her right to appeal OREC's decision. The court overruled the motion. On May 14, 1993, the court issued an order reversing and vacating OREC's order suspending Bowling's license.

OREC in its appeal to this court raises the following three assignments of error:

Assignment of Error No. 1:

"Under the terms of the settlement agreement Ms. Bowling waived her right to all appeals in this matter, thus the court below erred in not dismissing this appeal."

Assignment of Error No. 2:

"The scope of review in an R.C. 119.12 appeal is limited to whether the order is supported by reliable, probative and substantial evidence, and is in accordance with law; thus the court below erred by exceeding the scope of review."

Assignment of Error No. 3:

"The court below erred in modifying a penalty that the commission was authorized to impose."

OREC argues in its first assignment of error the trial court should have dismissed the appeal because Bowling waived her right to appeal. The trial court found the waiver to be void under *Myers v. Jenkins* (1900), 63 Ohio St. 101, 57 N.E. 1089. Because the clause admitting Bowling's misconduct[1] was dependent on and inseverable from the clause waiving the right to appeal, the court found the entire agreement void. Thus, there was no evidence supporting OREC's order, and it necessarily had to be vacated. We agree with the trial court but for different reasons.

Paragraph seven of the *Myers* syllabus states that "[a] contract in advance to renounce and waive one's right to appeal to the courts for the redress of wrongs, is void, and of no effect." *Myers,* however, concerned an agreement between two private parties that divested the court of subject matter jurisdiction. Such an agreement is, of course, void. This case does not involve subject matter jurisdiction; hence, *Myers* does not apply.

■ The right to appeal from an order of OREC is a statutory right under R.C. 119.12. This right may validly be waived if the party aggrieved by an agency's order knew of the right to appeal, the party intended to waive the right,

---

1. We note, additionally, that OREC has failed to point out in its brief and in oral argument wherein the conduct of Bowling violated the provisions of R.C. 4735.18(A)(6) or (26).

and the party gave and received sufficient consideration for waiving the right. *Sanitary Commercial Serv., Inc. v. Shank* (1991), 57 Ohio St.3d 178, 566 N.E.2d 1215.

■ Unlike *Sanitary Commercial Serv.*, the settlement agreement in this case is illusory. OREC promised Bowling nothing in exchange for her waiver of her right to appeal. Further, the agreement proposed no penalty; thus, the agency was free to use unfettered discretion to sanction Bowling without threat of having to justify its decision on appeal. See *Century 21 Am. Landmark, Inc. v. McIntyre* (1980), 68 Ohio App.2d 126, 22 O.O.3d 141, 427 N.E.2d 534 (defining an illusory agreement).

Because the agreement is illusory, Bowling did not validly waive her right to appeal. Accordingly, OREC's first assignment of error is overruled.

■ OREC's second and third assignments of error will be considered together. OREC argues that the trial court exceeded its scope of review, and that the court could not modify the penalty imposed by OREC. OREC's argument is without merit.

Because there is no evidence of misconduct by Bowling beyond her admissions made in the illusory agreement, and because such an agreement is void, the order of OREC is not supported by any evidence. Thus, the trial court properly vacated OREC's order. The scope of review was not exceeded. See *Univ. of Cincinnati v. Conrad* (1980), 63 Ohio St.2d 108, 17 O.O.3d 65, 407 N.E.2d 1265. OREC's last two assignments of error are overruled.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

JONES, P.J., and KOEHLER, J., concur.