The **STATE** of Ohio, Appellee,

v.

**BUTTS**, Appellant.

[Cite as *State v. Butts* (1996), 112 Ohio App.3d 683.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 69040.

Decided July 22, 1996.

684

*Stephanie Tubbs Jones*, Cuyahoga County Prosecuting Attorney, and *Craig Weintraub*, Assistant Prosecuting Attorney, for appellee.

*Snyder Associates, Laurence Snyder* and *Charles Butts*, pro se, for appellant.

---

KARPINSKI, Judge:

Defendant-appellant, Charles Butts, appeals from the judgment of the trial court, wherein the jury found defendant guilty of felonious assault. On appeal, defendant argues that this conviction should be set aside because the jury specifically found the defendant not guilty of the two violence specifications which are identical to the felonious assault charge. In bringing this appeal, defendant is violating the agreement between the prosecutor and the defendant wherein defendant agreed not to appeal the conviction in exchange for the prosecutor's dropping the third specification for a prior aggravated felony. For the following reasons, this appeal is dismissed.

The charges in this case stem from a fight between defendant and the victim, Edward Cowling. The prosecution witnesses stated that the incident started when Cowling began fighting with defendant's son, Richard Baisden. Soon after, defendant came onto the scene with his dog, a rottweiler. Defendant then allegedly pushed Cowling, allowed the dog to bite Cowling, and finally hit Cowling in the head with a discarded exhaust pipe.

The version of events from the defense witnesses differed greatly. The defense witnesses stated that defendant did not hit or kick defendant. These

witnesses testified that it was Cowling who came after defendant with the pipe and that defendant merely wrestled the pipe away from Cowling.

Defendant was charged with a one-count indictment, which read as follows:

"The Jurors of the Grand Jury of the State of Ohio, within and for the body of the County aforesaid, on their oaths, IN THE NAME AND BY THE AUTHORITY OF THE STATE OF OHIO, Do find and present, that the above named Defendant(s), on or about the date of the offense set forth above, in the County of Cuyahoga, unlawfully did knowingly cause serious physical harm to Edward Cowling by means of a deadly weapon or dangerous ordnance, to-wit: a pipe, as defined in Section 2923.11 of the Revised Code.

"SPECIFICATION ONE: (Violence)

"The Grand Jurors further find and specify that during the commission of the offense, the offender caused physical harm to Edward Cowling.

"SPECIFICATION TWO: (Violence)

"The Grand Jurors further find and specify that during the commission of the offense, the offender made an actual threat of physical harm to Edward Cowling with a deadly weapon.

"SPECIFICATION THREE: (Aggravated Felony)

"The Grand Jurors further find and specify that the offender has previously been convicted of or pleaded guilty to an aggravated felony, the said Charles Butts, with counsel, on or about the 29th day of April, 1978 in the Court of Common Pleas of Cuyahoga County, Ohio Case No. CR 170068 having been convicted of the crime of Aggravated Burglary, in violation of Revised Code Section 2911.11 of the State of Ohio."

Prior to trial, the parties stipulated to the third specification. The jury found the defendant guilty of count one as charged in the indictment. However, the jury found that the defendant did not commit the first and second specifications as stated in the indictment. At the sentencing, defendant and the state reached an agreement whereby the state dropped the third specification and agreed to the minimum sentence of three to fifteen years incarceration. In exchange for this reduced sentence, defendant agreed (1) to drop all posttrial motions, (2) not to file for supershock probation, and (3) to waive his right to appeal.

Because of this agreement, defendant is precluded from bringing this appeal. The agreement between the defendant and the state is akin to but not the same as a plea agreement, because it was too late for defendant to change his plea to guilty, a jury having already determined his guilt. Nevertheless, defendant has entered into an agreement in which he has given up certain rights in exchange for the prosecution's dropping a specification. "A plea bargain itself is

contractual in nature and subject to contract-law standards." *Baker v. United States* (C.A.6, 1986), 781 F.2d 85, 90. A breached plea agreement may be remedied by specific performance. *Santobello v. New York* (1971), 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427. In the case at bar, defendant's agreement, like a plea agreement, is a valid contract with the state. In exchange for the reduced sentence resulting from the state dropping the aggravated felony specification, defendant waived the right to appeal his conviction. Ohio law has consistently recognized that a settlement agreement constitutes a binding contract between the two parties. *Spercel v. Sterling Industries* (1972), 31 Ohio St.2d 36, 60 O.O.2d 20, 285 N.E.2d 324, paragraph one of the syllabus. Defendant's agreement, therefore, is governed by the law of contracts.

Defendant appears to raise the issue of whether the right to appeal is waivable, especially by a criminal defendant. It is well established that there is no federal constitutional right to an appeal. *Abney v. United States* (1977), 431 U.S. 651, 97 S.Ct. 2034, 52 L.Ed.2d 651; *McKane v. Durston* (1894), 153 U.S. 684, 14 S.Ct. 913, 38 L.Ed. 867. In Ohio, the right to an appeal is a creature of statute. R.C. 2953.02. Courts which have examined this issue have reasoned that since a constitutional right may be waived, the statutorily created right to appeal may also be waived. *United States v. Navarro–Botello* (C.A.9, 1990), 912 F.2d 318; *United States v. Wiggins* (C.A.4, 1990), 905 F.2d 51.

In the civil context, Ohio courts have permitted parties to waive the right to appeal, pursuant to agreements between the parties. In *TransOhio Savings Bank v. Millston Apts. of Aberdeen,* (Dec. 17, 1992), Franklin App. No. 92AP–702, unreported, at 4, 1992 WL 385513, the court stated as follows:

"The issue before this court is whether a party may waive the right to appeal pursuant to a Forbearance Agreement where the party knew of the right to appeal, intended to waive the right and, in return, received sufficient consideration for waiving that right. Generally, the doctrine of waiver is applicable to all personal rights and privileges, whether secured by contract, conferred by statute, or guaranteed by the constitution, providing that the waiver does not violate public policy. *Sanitary Commercial Services, Inc. v. Shank* (1991), 57 Ohio St.3d 178 [566 N.E.2d 1215], citing *State ex rel. Hess v. Akron* (1937), 132 Ohio St. 305 [8 O.O. 76, 7 N.E.2d 411]. Since it is possible that appellant could have validly waived his right to appeal, we must determine whether, under the facts of this case, appellant did in fact waive that right."

The appellate court in *TransOhio Savings Bank* dismissed an appeal because (1) appellant knowingly and voluntarily waived its right to appeal and (2) appellant received sufficient consideration for giving up this right. See, also, *Bowling v. Real Estate Comm.* (1993), 91 Ohio App.3d 746, 633 N.E.2d 620, in

which the court held that a party could validly waive its right to appeal as long as the settlement agreement was not illusory.

A waiver is not limited to civil cases. The Ohio Supreme Court "has permitted a party to a criminal proceeding to waive a number of substantial rights."[1] *Sanitary Commercial Services, Inc. v. Shank* (1991), 57 Ohio St.3d 178, 181, 566 N.E.2d 1215, 1218. Additionally, the syllabus of *State v. Sims* (1971), 27 Ohio St.2d 79, 56 O.O.2d 45, 272 N.E.2d 87, expressly supports the proposition that a criminal defendant can waive the right to appeal:

"In the absence of evidence in the record upon which it could be determined that an indigent convicted defendant knowingly and intelligently waived his right of direct appeal and his right to court-appointed counsel for direct appeal prior to the expiration of the time in which such appeal can be taken, a Court of Appeals must make such factual determination before it dismisses a motion for leave to appeal."

This waiver is conditional, just as it is in the civil context.[2]

■ Finally, Ohio law has held that a posttrial agreement between the state is a proper forum to waive all appealable errors that occurred at trial. *State v. Kelley* (1991), 57 Ohio St.3d 127, 566 N.E.2d 658, paragraph two of the syllabus. Accordingly, a criminal defendant may voluntarily enter into an agreement to remove charges in exchange for relinquishing his right to appeal. The only condition is that the defendant knowingly and voluntarily enter into this agreement.

In the case at bar, defendant has not alleged that he did not knowingly and voluntarily enter into the agreement in which he waived his right to appeal. Moreover, this agreement is not illusory; the defendant received sufficient consideration for giving up the right to appeal when the state agreed to delete an aggravated felony specification, which would have had a significant effect on defendant's sentencing. As a result, defendant is not relieved from the conse-

---

1. "In *State v. Frohner* (1948), 150 Ohio St. 53, 37 O.O. 406, 80 N.E.2d 868, paragraph one of the syllabus, [the Ohio Supreme Court] allowed the accused to waive the right to trial by jury. In *State v. Greer* (1988), 39 Ohio St.3d 236, 240, 530 N.E.2d 382, 390–391, a homicide suspect was allowed to waive not only his right to avoid making potentially incriminating statements to police, but also to waive his right to refuse entry to police for a warrantless search. This court allowed the accused to waive the right to exclude improper testimony in *State v. Lancaster* (1971), 25 Ohio St.2d 83, 86–88, 54 O.O.2d 222, 223–225, 267 N.E.2d 291, 293–295." *Sanitary Commercial Services, Inc.*, 57 Ohio St.3d at 181, 566 N.E.2d at 1218.

2. A number of other state jurisdictions have also specifically held that a criminal defendant can waive the right to appeal. See, generally, 24 Corpus Juris Secundum (1989) 340, Criminal Law, Section 1681; *People v. Seaberg* (1989), 74 N.Y.2d 1, 543 N.Y.S.2d 968, 541 N.E.2d 1022; *Thomas v. State* (1990), 260 Ga. 262, 392 S.E.2d 520; *State v. Perkins* (1987), 108 Wash.2d 212, 737 P.2d 250.

quences of his voluntary, deliberate choice to enter into a settlement agreement. In other words, "a deal is a deal."

Accordingly, the agreement between the state and defendant waiving his right to appeal will be enforced, and this court will not review the merits of defendant's appeal.

*Appeal dismissed.*

DYKE, P.J., and McMONAGLE, J., concur.