A motion to dismiss filed pursuant to Civ.R. 12(B)(6) alleging a failure to state a claim upon which relief can be granted asserts that the pleader has failed to plead the operative grounds creating a claim. Mitchell v. Lawson Milk Co. (1988),40 Ohio St.3d 190. O'Brien v. University Community Tenants Union,Inc. (1975), 42 Ohio St.2d 242., Plaintiff-Appellant Randolph alleged a breach by the State of Ohio of a contract it had made with him. A breach exists when one of the parties to a contract fails to perform a promise the party has made and to which it agreed in the contract to be bound.
A plea agreement is a contract. State v. Butts (1996),112 Ohio App.3d 683. In order to properly plead a breach, Randolph was required to plead operative facts which demonstrate how the State's subsequent conduct breached a promise that it had made in the plea agreement by which it agreed to be bound.
Randolph pleads the provisions of the agreement from which his conviction and the sentence imposing his term of incarceration resulted. He also pleads the State's subsequent decision that determines his opportunity for early release on parole. However, Randolph fails to allege that the State promised in the plea agreement it made with him that it would impose any different terms for his release. Instead, Randolph merely pleads a conclusion, that the State breached a promise that it made.
Promises may be implicit as well as explicit, but they may not be non-existent if a breach is to occur. It is incumbent on Randolph to plead the operative facts of the State's promise concerning his parole opportunities; either some express provision in its plea agreement with him or some promise implicit in its published regulations concerning parole which binds the State to act differently than it did. Randolph failed to do either. Therefore, the trial court did not err when it granted the Civ.R. 12(B)(6) motions that the Defendants filed.
I would affirm.