DECISION AND JUDGMENT ENTRY
This appeal comes to us from the Perrysburg Municipal Court. There, appellant pled no contest to operating a truck with a gross overload. The court found him guilty of the offense and imposed a sentence. Because we conclude that the trial court erred in accepting appellant's plea and in denying his motion to withdraw the plea, we reverse.
On February 6, 1999, appellant, Danny Parsons, a truck driver, was cited for having a gross overload of seventy thousand six hundred pounds, in violation of R.C. 5577.04, and failure to display a certificate of registration, in violation of R.C.4549.18. Appellant initially pled not guilty and moved to suppress the evidence, which the court denied. Pursuant to plea negotiations, appellant eventually pled no contest "with a consent to a finding of guilty" to an amended charge of gross overload of nineteen thousand six hundred. Appellant also agreed to pay a fine and costs, and waive his right to appeal. The remaining charge was dismissed.
At the plea hearing, the Perrysburg Municipal Court failed to inform appellant of the possible penalties he faced prior to his plea. The court, nevertheless, accepted appellant's plea and found him guilty. The court then imposed both a fine of $748 plus costs and a thirty day jail sentence. The court suspended twenty of the days, placing him on three years probation, and ordering him to immediately begin serving the remaining ten days. Appellant then moved to vacate his plea on the basis that the court failed to inform him of the possible penalty of jail time. The court denied the motion, but granted a stay pending appeal, conditioned upon appellant's payment of a $25,000 cash bond. Appellant sought a writ of habeas corpus in this court, and was granted a reduction in the bond amount to $1,500, ten percent.
Appellant now appeals his conviction and imposition of sentence, setting forth the following four assignments of error:
"Assignment of Error No. 1
 "The trial court unlawfully imposed a jail term without having advised the Appellant of the possibility of such a sentence being imposed prior to receiving Appellant's `No Contest' plea.
"Assignment of Error No. 2
 "The trial court committed prejudicial error by refusing to allow the Appellant to withdraw his no contest plea after having failed to advise the Appellant of the possibility of being sentenced to a jail term prior to receiving appellant's No Contest [sic] plea.
"Assignment of Error No. 3
 "The sentence imposed was in excess of that permitted by law.
"Assignment of Error No. 4
 "The trial court committed error by not permitting the Appellant to dispose of the matter at the Violations Bureau by the payment of a fine without the imposition of any jail sentence."
Initially we note that appellee argues that appellant agreed, as part of his purported plea agreement, to waive his right to any appeal in this case. A defendant may agree to waive certain constitutional rights, including the right to appeal. SeeState v. Butts (1996), 112 Ohio App.3d 683. Nevertheless, such a waiver presumes the propriety of the trial court's actions and does not apply to errors made as a matter of law. Id.
 I.
Appellant, in his first assignment of error, argues that the trial court, as a matter of law, erred in failing to inform him of the effects of his plea prior to accepting his plea.
Crim.R. 11(E)provides that, in misdemeanor cases involving petty offenses, the trial court "shall not accept [a guilty or no contest plea] without first informing the defendant of the effect of the plea. . . ." (Emphasis added.) In addition, a no contest plea requires that an "explanation of circumstances," that is, a statement of facts, must be placed on the record from which the court may then make its finding. See R.C. 2937.07;Cuyahoga Falls v. Bowers (1984), 9 Ohio St.3d 148, 150; State v.Herman (1971), 31 Ohio App.2d 134.
In this case, the trial court not only failed to inform appellant of the effects of his plea, but did not address appellant in any fashion until after summarily pronouncing him guilty. Furthermore, although appellant stipulated to the facts in the amended complaint, no explanation of circumstances was officially entered from which the trial court could make its findings. Therefore, we conclude that the trial court erred in failing to follow the mandates of Crim.R. 11(E) and R.C.2937.07.[1]
Accordingly, appellant's first assignment of error is well-taken.
 II.
Appellant, in his second assignment of error, contends that the trial court erred in denying his motion to withdraw his no contest plea. We agree.
A post-sentence motion to withdraw a plea of guilty or no contest rests within the sound discretion of the trial court.State v. Smith (1977), 49 Ohio St.2d 261, 264. The denial of such a motion will be reversed only upon the finding that the trial court abused its discretion. State v. Blatnik (1984),17 Ohio App.3d 201, 202.
In the present case, appellant requested to withdraw his plea based upon the trial court's non-compliance with the mandates of Crim.R. 11. Since we have determined that the trial court did not follow such mandates, we conclude that the court abused its discretion in denying appellant's motion to withdraw his plea.
Accordingly, appellant's second assignment of error is well-taken.
 III.
Appellant, in his third assignment of error, claims that the sentence imposed is in excess of that permitted by law. R.C.5577.99(A), which lists the penalties for overload violations under R.C. 5577.01 to 5577.07, provides in pertinent part that:
 "For all overloads in excess of ten thousand pounds such a person shall be fined one hundred sixty dollars, and in addition thereto three dollars per one hundred pounds of overload, or imprisoned not more than thirty days, or both. * * * No penalty prescribed in this division shall be imposed on any vehicle combination of the overload on any axle does not exceed one thousand pounds, and if the immediately preceding or following axle, excepting the front axle of the vehicle combination, is underloaded by the same or greater amount. * * *"
In the instant case, appellant's reliance on the clause that conditions the imposition of penalties upon the weights of "preceding or following" axles is misplaced. Appellant admitted to the facts as presented in the amended complaint which were that appellant's truck had been overloaded by nineteen thousand six hundred pounds. Upon a proper no contest plea and finding of guilty, admission of this fact would negate further proof regarding the weights of each axle. Thus, where a defendant admits that his truck was overloaded, any challenge to how that overload amount was determined is waived and the above noted penalties apply.
Accordingly, appellant's third assignment of error is not well-taken.
 IV.
Appellant, in his fourth assignment of error, argues that the trial court committed error by not permitting him to take advantage of the penalties as posted in the Violations Bureau. Those penalties, according to appellant, would have permitted him to dispose of the matter by only paying a fine.
In this case, nothing in the record reveals that appellant presented evidence as to the posted penalties or even made such an argument in the trial court. Moreover, regardless of what may have been posted at the Violations Bureau, the only penalties we may consider are those authorized under R.C. 5577.99. Therefore, appellant's argument as to his alternate choice of penalties is without merit.
Accordingly, appellant's fourth assignment of error is not well-taken.
The judgment of the Perrysburg Municipal Court is reversed and remanded for proceedings consistent with this decision. Court costs of this appeal are assessed to appellee.
 JUDGMENT REVERSED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 ________________________ James R. Sherck, J.
Richard W. Knepper, P.J., Mark L. Pietrykowski, J. CONCUR.
[1] We are aware of the widespread use of the "no contest with consent to a finding of guilty" plea in municipal courts, which may be why no statement of facts was placed on the record. However, neither Crim.R. 11 nor any statute authorizes such a plea. Regardless of the addition of the "consent" language, a no contest plea requires an explanation of circumstances. Consequently, we encourage courts to eliminate the "with consent to a finding of guilty" language since it does not conform with the rule. See State v. Tracy (Dec. 4, 1992), Ottawa App. No. 92-OT-009, unreported (concurrence).