OPINION
Oscar D. Mitchell, Jr. is appealing, pro se, from his convictions and sentences on one count of aggravated murder with prior calculation and design, but without death penalty specifications, and one count of aggravated burglary, with a person present. Pursuant to a plea agreement, he pled guilty to both charges. As part of the plea agreement, he expressly waived his right to appeal. The prosecutor, in return for Mitchell's guilty pleas and waiver of appeal rights, agreed not to include death penalty specifications in the indictments. Tr. 1-2. The pleas and sentencing took place in open court on December 22, 1998. On May 11, 1999, Mitchell, ignoring his waiver of his right to appeal, filed a motion for leave to file a delayed appeal.
Mitchell's motion was opposed on the merits by the State and then, later, the State filed a supplemental response which for the first time in this proceeding brought to the attention of the court the fact that as part of Mitchell's plea agreement, he agreed not to appeal his convictions and sentencings. On July 15, 1999, this court, without addressing the waiver issue, granted Mitchell's motion for leave to file a delayed appeal.
Mitchell was represented by appointed counsel on his appeal, who in due course of time, filed an Anders brief finding no arguable errors had occurred at the trial level. In the meantime, Mitchell had pro se filed a brief. Upon being notified of theAnders brief, Mitchell timely asked this court to accept his prose brief in lieu of counsel's Anders brief and proceed with the appeal. On December 1, 1999, we agreed to accept his pro se brief on appeal. Mitchell later filed some supplements to his pro se
brief. Taking his original brief, together with his supplements, he has assigned a total of seven claimed errors. He argues that his sentence is contrary to law, that he was held illegally in jail before being indicted, that there was prosecutorial misconduct, that there was excessive news media coverage, that his rights under the equal protection laws were violated, that his waiver of appeal rights was invalid, and there was a failure to comply with the three-judge rule.
Because we find that his waiver of his appeal rights is valid and binding, we need not consider the assignments of error except for the claimed invalidity of his waiver.
The State responded to Mitchell's claimed invalidity of his waiver by stating that, inter alia, "the issue is now moot, given this Court's allowance of the direct appeal now pending." Appellee brief, 12. The State misperceives the issue. The granting by this court of Mitchell's right to file a delayed appeal did not address his waiver. We could not address it at the time because the record was not before us, and if the waiver is found to be coerced from a perusal of the record, it would be disregarded. This court had to grant the motion for delayed appeal in order to allow it to review the record on that issue, as well as any other that might be raised.
We have examined the record carefully, which includes both the transcript of the plea and sentence hearing, and a videotape of it, which we have viewed. Nowhere does there appear even a scintilla of evidence that Mitchell's waiver was coerced. The videotape shows Mitchell standing next to his counsel, calmly and clearly enunciating his answers to the court. After the prosecutor set forth the terms of the plea agreement, including Mitchell's waiver of his right to appeal, Mitchell is asked by the court: "I'll ask you if that conforms to your understanding?," to which Mitchell responds, "Yes, it does, Your Honor." Tr. 2. Mitchell was charged with stabbing to death his wife and entering an inhabited building for that purpose where children were present. He admitted to the charges and the facts as stated by the prosecutor, and the court specifically stated that he was making his plea voluntarily. Tr. 4. It is in the record that when apprehended, Mitchell stated to the police, "Now I have a reason to go to the electric chair." Tr. 7. When the court stated it was going to accept Mitchell's plea to the two charges, it turned to Mitchell and stated: "And, it's my understanding that part of the plea agreement is that you are waiving your rights of appeal?" Mitchell replied: "Yes, Your Honor." His counsel, standing next to him, then stated: "That's correct." Tr. 11.
Mitchell received a considerable benefit in exchange for his pleas and waiver of appeal rights by avoiding a possible death sentence. In Ohio, a voluntary and knowing, uncoerced, waiver of appeal rights is valid and binding. State v. Butts (1996),112 Ohio App.3d 683. The Court of Appeals of Cuyahoga County in Butts
set forth comprehensive authority supporting the validity of such a waiver, including State v. Sims (1971), 27 Ohio St.2d 79, 56 O.O.2d 45, 272 N.E.2d 87, wherein the Supreme Court of Ohio recognized that a defendant can knowingly and intelligently waive his appeal rights. In Butts, the court stated:
 In the case at bar, defendant has not alleged that he did not knowingly and voluntarily enter into the agreement in which he waived his right to appeal. Moreover, this agreement is not illusory; the defendant received sufficient consideration for giving up the right to appeal when the state agreed to delete an aggravated felony specification, which would have had a significant effect on defendant's sentencing. As a result, defendant is not relieved from the consequences of his voluntary, deliberate choice to enter into a settlement agreement. In other words, "a deal is a deal."
 Accordingly, the agreement between the state and defendant waiving his right to appeal will be enforced, and this court will not review the merits of defendant's appeal.
We find the decision in Butts to be well-reasoned and supported by all relative authority. As stated earlier, this court could not have enforced the waiver without first reviewing the record. Our grant of Mitchell's motion for delayed appeal did not address the issue, either directly or by implication. We address it now, and find, that like the defendant in Butts, Mitchell's waiver of his rights to appeal was voluntary, uncoerced, and knowingly done. It is a binding contract between the parties, and Mitchell received more than adequate consideration for his pleas of guilty and his waiver of his rights to appeal. Except for the waiver issue, Mitchell's assignments of error are not properly before the court and are overruled. After a careful perusal of the record and viewing the videotape of the hearing, we find that Mitchell's appeal violated his agreement and, therefore, this appeal is DISMISSED.
BROGAN, J. and WOLFF, J., concur.