DECISION
Plaintiffs-appellants, Phillip Brown, Roberta Brown, David Brown, Darla Grossberg and Gayle Ostro, appeal from a judgment of the Franklin County Court of Common Pleas (1) adopting a receiver's report and recommendations concerning the dissolution of Paul-Ann, a General Partnership ("Paul-Ann"), and (2) overruling appellants' objections to the report without a hearing.
Prior to 1986, Paul-Ann was a corporation, with appellants and Harry, Shirley, Michael and Perry Sigesmund ("Sigesmunds") as its sole shareholders. In July 1986, pursuant to the unanimous consent of the shareholders, the corporation was dissolved and revived as a partnership in which all the former shareholders were partners. Appellants and the Sigesmunds each owned half of the partnership. By petition filed in June 1994, the partners sought the dissolution and liquidation of Paul-Ann and the adjudication of various claims and disputes among the partners.
By Agreed Order dated June 22, 1994, a receiver was appointed to administer Paul-Ann's dissolution. In accordance with the Agreed Order, the receiver was empowered to review and determine the merits of the claims raised in a previous case concerning Paul-Ann and its partners. The Agreed Order further authorized the receiver to determine if any other claims existed against any party that previously had not been raised, and if so, to pursue each such claim. If any party felt the receiver was failing to pursue potential claims, that party was to apply to the trial court for redress. The trial court's determination was agreed to be final and not subject to appeal. The target of any claims the receiver pursued was entitled to defend against such claims.
On January 5, 1999, the receiver filed his report and recommendations to resolve the claims in the matter, finding many claims to be pursued against both appellants and the Sigesmunds for improper payments made over the eight years of the partnership's existence. He also determined that some claims were barred due to statute of limitations problems, and he recommended that the trial court hold a hearing to determine damages concerning a claim arising out of forged dividend checks. After both sides filed objections to the report and recommendations, the trial court overruled the objections and adopted the report subject to its own modifications. In overruling the objections without a hearing, the trial court noted that "[t]ime, money and nervous energy have been expended herein largely to little purpose and the Court finds no issue * * * which, in the Court's opinion, could produce a result little, if any, different * * *."
Appellants appeal, assigning the following errors:
 I. THE TRIAL COURT ERRED IN FINDING THAT SIMPLE INTEREST RATHER THAN COMPOUND INTEREST SHOULD BE UTILIZED IN THE MATTER OF THE PERRY SIGESMUND LOAN.
 II. THE TRIAL COURT ERRED IN AFFIRMING THE RECEIVER'S DETERMINATION THAT THE PARTNERSHIP'S MISCELLANEOUS JUDGMENTS FOR RENTAL OBLIGATIONS DUE AND OWING THE PARTNERSHIP SHOULD BE TRANSFERRED TO PHILLIP P. BROWN AS PART OF HIS DISTRIBUTION OF PARTNERSHIP ASSETS.
 III. THE TRIAL COURT ERRED IN DETERMINING THAT NOTWITHSTANDING THE FACT THAT HARRY SIGESMUND'S RECEIPT OF CONSIDERATION IN CONNECTION WITH THE HUB BUILDING WAS NOT CONSISTENT WITH THE PARTNERSHIP AGREEMENT, THE COURSE OF CONDUCT ESTABLISHED BY PAUL SIGESMUND PLACES THE MATTER BEYOND THE REACH OF PRESENT CONSIDERATION.
 IV. THE TRIAL COURT ERRED IN DETERMINING THAT ANY RIGHTS WHICH MAY HAVE ARISEN IN CONNECTION WITH THE HUB BUILDING ARE BARRED BY STATUTE OF LIMITATIONS.
 V. THE TRIAL COURT ERRED IN DETERMINING HARRY SIGESMUND WAS ENTITLED TO ADDITIONAL COMPENSATION DESPITE THE FACT THE (sic) HARRY SIGESMUND'S RECEIPT OF SUCH ADDITIONAL COMPENSATION WAS IN CONTRAVENTION OF THE PARTNERSHIP AGREEMENT.
 VI. THE TRIAL COURT ERRED IN DETERMINING THERE IS NO EVIDENCE TO SUPPORT A CLAIM BY THE PARTIES WITH RESPECT TO THE FEE PAID TO THE AMERICAN ARBITRATION ASSOCIATION.
 VII. THE TRIAL COURT ERRED IN DETERMINING THAT THE MATTER OF THE SOUTHERN COMPANY AND OHIO EDISON COMPANY DIVIDENDS IMPROPERLY ENDORSED AND CONVERTED BY SHIRLEY SIGESMUND AND HARRY SIGESMUND SHOULD BE CORRECTED BY A SALE OF THE SHARES, A DIVISION OF THE PROCEEDS BETWEEN THE PARTIES, AND A SETOFF TO ALLOW FOR ANY MISAPPROPRIATED DIVIDENDS.
 VIII. THE TRIAL COURT ERRED IN DETERMINING THE PARTIES ARE NOT ENTITLED TO A HEARING AND POTENTIALLY A TRIAL DE NOVO AS TO ISSUES RAISED IN THEIR OBJECTIONS.
Appellants' first assignment of error contends the trial court erred by applying simple interest rather than compound interest to an outstanding debt owed to appellants. On August 25, 1989, a mortgage executed by the Sigesmunds in favor of the former Paul-Ann Corporation was satisfied with only the interest remaining to be paid. None of the appellants forgave the interest debt on behalf of the partnership; to forgive the debt, joint action of both appellants and Sigesmunds was required. As a result, the Sigesmunds still owed the partnership the interest on the mortgage. Calculated with simple interest, the amount had grown to $38,103. However, the accountant used to investigate the matter applied compound interest to arrive at a total of $55,022. The receiver recommended that simple interest be applied to the loan because the transaction was in a family setting. The trial court determined that because the mortgage was involved in a family partnership and because the court was not interested in punishment, simple interest, not compound interest, should be utilized.
Simple interest is to be used when no specific agreement or statutory provision authorizes compound interest. Thirty FourCorp. v. Sixty Seven Corp. (1993), 91 Ohio App.3d 818, 825;Berdyck v. Shinde (1998), 128 Ohio App.3d 68, 87; State ex rel.Elyria v. Trubey (1984), 20 Ohio App.3d 8, 9. Here, appellants presented nothing to suggest an agreement to compound interest, nor do they point to any statutory authorization for the imposition of compound interest. Accordingly, the trial court did not err in applying simple interest to the debt owed. Appellants' first assignment of error is overruled.
Appellants' second assignment of error contends the trial court erred by ordering certain of the partnership's unpaid judgments be transferred to Phillip Brown as a partial offset to equalize the distributions. Appellants contend the distribution violates prohibitions contained in the partnership agreement against partners (1) receiving specific assets on dissolution of the partnership, and (2) selling partnership property unless the managing partner decides to sell the property.
Contrary to appellants' contentions, in the Agreed Order appointing a receiver, he parties agreed that the receiver could review and determine the merits of any claims, "including claims concerning the operation, distributions, payment of expenses and any other matters deemed relevant by the Receiver." (Agreed Order, paragraph 3.) Although section nine of Paul-Ann's partnership agreement expressly provides for the distribution of partnership assets with the consent of all the partners, that consent was given when the parties all agreed to allow the receiver to determine claims with respect to distribution. Nothing in the authority granted to the receiver bound the receiver to follow the partnership agreement's restrictions for distribution or sale of partnership assets. Appellants' second assignment of error is overruled.
Appellants' third, fourth, fifth, and sixth assignments of error will be addressed collectively, as all four contend that the receiver failed to pursue various claims. Pursuant to the parties' Agreed Order, claims that the parties had against each other were submitted to the receiver so he could fairly and impartially decide them. In addition, the receiver was empowered to pursue any other claims discovered in his investigation of the partnership. Nonetheless, according to the Agreed Order, "[a]ny party ho believes that the Receiver is not pursuing claim(s) which should be pursued may apply to the Court in regards thereto * * *. The Court's determination upon such application shall be final and not subject to appeal." (Agreed Order, Exhibit A, paragraph 3.) The trial court ruled on appellants' objections to the receiver's failure to pursue the claims at issue, and that decision is final and nonappealable pursuant to the parties' Agreed Order.
Parties may validly waive their right to appeal.Transohio Savings Bank v. Millston Apartments of Aberdeen, Ltd.
(Dec. 17, 1992), Franklin App. No. 92AP-702, unreported; Turk v.Trolley Tours of Cleveland, Inc. (Aug. 19, 1993), Cuyahoga App. No. 62964, unreported, reversed on other grounds (1994), 69 Ohio St.3d 428;Bowling v. Ohio Real Estate Comm. (1993), 91 Ohio App.3d 746,749-750. Waiver is the voluntary relinquishment of a known right. Griffith v. Linton (1998), 130 Ohio App.3d 746, 751. Here, although the parties expressly waived the right in paragraph three of Exhibit A to the Agreed Order, by paragraph four of Exhibit A they expressly retained an appeal of the trial court's decision concerning the claim subject of appellants' seventh assignment of error. Thus, their retaining the right to appeal in one part, yet relinquishing it in another, indicates the parties knew of the right to appeal and voluntarily waived it as reflected in the Agreed Order and its Exhibit A.
An agreement to waive appeals must be made with sufficient consideration to be valid, Turk, supra. As in Turk, however, the parties' mutual agreement to waive their appeals and to dismiss another case in another court served as sufficient consideration to support the agreement. Because the waiver of the parties' right to appeal is valid and enforceable, we overrule appellants' third, fourth, fifth, and sixth assignments of error.
Appellants' seventh assignment of error contends the trial court erred in ordering the sale of stocks issued in the names of both Harry Sigesmund and Roberta Brown. The receiver found that Shirley Sigesmund, at the direction of Paul Sigesmund, forged Roberta Brown's signature on the stocks' dividend checks and received the money. Even though Brown was entitled to half of the dividends, she never received any of them due to the forgeries. The receiver recommended that he or the trial court hold a hearing to determine the exact amount of money that Brown had been deprived of, and he further recommended that the stocks be sold and the proceeds divided, less the award of improper dividends. Appellants rejected the receiver's recommendation pursuant to paragraph four of Exhibit A to the parties' Agreed Order. The trial court nonetheless ordered the sale of such stocks.
Paragraph four provides for a trial de novo if the receiver is unable to resolve the claim to the satisfaction of both parties. The objections reveal that the receiver failed to accomplish the assigned task to the satisfaction of both sides to the dispute. A sale of stock therefore is improper at this time, and the claim concerning the forgery of Brown's dividends checks should be reviewed pursuant to a hearing before the trial court. Appellants' seventh assignment of error is sustained.
Finally, appellants contend they were entitled to a hearing on their objections to the receiver's report. To the contrary, the parties' Agreed Order does not provide for a hearing on such objections; it simply requires the trial court to determine the objections. While appellants contend that a determination requires a hearing, the decision to adopt a receiver's report without a hearing is within the trial court's discretion. Ratliff v. Ratliff (Aug. 18, 1998), Franklin App. No. 97AP-1294, unreported, citing Golick v. Golick (1983), 9 Ohio App.3d 106,108. The report was comprehensive and thorough, and the trial court did not abuse its discretion in adopting it without a hearing. Appellants' eighth assignment of error is overruled.
Having overruled appellants' first, second, third, fourth, fifth, sixth, and eighth assignments of error, but having sustained appellants' seventh assignment of error, we affirm in part and reverse in part the judgment of the trial court and remand this matter to the trial court for further proceedings consistent with this opinion.
Judgment affirmed in part and reversed in part; case remanded.
 ___________________ BRYANT, JUDGE
TYACK and PETREE, JJ., concur.