JOURNAL ENTRY AND OPINION
Defendant-appellant Mark Asta appeals from an order of the Garfield Heights Municipal Court denying defendant's motion for return of eight firearms following his plea-bargained conviction for disorderly conduct.
On April 4, 1998, defendant was charged with menacing his wife by threatening to shoot her with a .38 caliber hand gun in violation of R.C. 2903.22(A). The couple went to the police station together after Gabriele Asta made an emergency phone call to the police. The two were kept in separate rooms at the station. Mrs. Asta reported that she and her husband had an argument about another woman. The couple was contemplating divorce. Defendant was drunk and stated, it would be cheaper [for him] to shoot me with a .38 caliber gun. She had made a similar police report against him six months earlier for threatening her.
Before Mrs. Asta's interview was completed, defendant left the station on foot to return to the couple's residence. He returned to the police station a couple of hours later and was arrested on the charge of menacing. Defendant had a breath alcohol concentration of .086. Two police officers went to defendant's residence at his request and recovered eight firearms for safekeeping. The weapons included four shotguns, one 30.06 caliber rifle, one .270 caliber rifle, one .22 caliber rifle, and one black powder rifle.
Defendant retained counsel and pleaded not guilty to the charge of menacing. On the date scheduled for jury trial, defendant appeared with counsel and entered a guilty plea to the reduced charge of disorderly conduct pursuant to a plea bargain with the prosecution. No transcript of the guilty plea hearing is in the record. However, defendant was sentenced to thirty days in jail and fined $250. The municipal court thereafter suspended the entire thirty-day sentence and $100 of the fine and placed defendant on six months inactive probation. The subsequent journal entry states: further order that `Guns held until parties are legally separate.'
On October 28, 1999, approximately one and one-half years after his guilty plea, defendant filed a motion in the criminal case for return of personal property. Defendant's motion recited background facts of the case and stated that he and his wife reconciled their marriage and that she had no objection to the return of the eight firearms. Defendant's wife filed an affidavit in support of the motion.
The prosecution did not file a brief in opposition to defendant's motion to return the property. The trial judge denied the motion without explanation. Defendant timely appeals, raising two assignments of error.
Defendant's first assignment of error follows:
 THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED APPELLANT'S MOTION FOR RETURN OF HIS PERSONAL PROPERTY.
This assignment is well taken.
Defendant argues the trial court improperly denied his motion for return of the firearms. He argues that the reason for restricting the return of them was to protect his wife during the pendency of their divorce. Now that the parties have reconciled their marriage and his wife does not object, he argues there is no valid reason to retain them. He argues, furthermore, it is against public policy to require him to obtain a divorce to recover them.
The prosecution argues that defendant agreed to the condition as part of a plea bargain and that the condition should be enforced literally, citing State v. Butts (1996), 112 Ohio App.3d 683. This court in Butts held that a defendant could enter into a valid binding agreement to waive his right to appeal. The record in Butts revealed that the defendant knowingly, voluntarily, and intelligently entered into the agreement in open court during sentencing.
Butts is distinguishable, however, because the record in the case at bar does not reflect that such an agreement was made. Without such an agreement, the basis for retaining the property is unclear. The record shows that defendant was under no legal disability from possessing the weapons, defendant did not use or threaten to use any of them in connection with this case, and the prosecution never filed a motion for forfeiture of them. While holding the weapons for safekeeping may have been prudent, the reason for continuing to do so has lapsed.
Forfeitures of property to the government are not favored in law or equity. State v. Lilliock (1982), 70 Ohio St.2d 23, 25. Moreover, it is equally unreasonable to require the government to undertake the open-ended responsibility to safeguard and hold the property indefinitely, subject to eventual return only when the parties no longer live in the same household, divorce, or one of them dies. Under the circumstances, the trial court abused its discretion by denying the unopposed motion for return of the property.
Defendant's second assignment of error raises a constitutional challenge to the government's refusal to return the property.[1] In light of our obligation not to address constitutional issues unless necessary, and because of our resolution of the first assignment of error, we decline to address this argument. App.R. 12(A)(1)(c).
This cause is reversed.
It is, therefore, ordered that appellant recover of appellee his costs herein taxed.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JOHN T. PATTON, J., and LEO M. SPELLACY, J., CONCUR.
 _________________________________ DIANE KARPINSKI, PRESIDING JUDGE
[1] APPELLANT'S PROPERTY WAS SEIZED IN VIOLATION OF ARTICLEI, SECTION 19 OF THE OHIO CONSTITUTION.