OPINION
Larry G. Givens, Jr., pro se, is appealing from the decision of the Common Pleas Court of Clark County, Ohio, dismissing his action against the Ohio Adult Parole Authority, (OAPA), the prosecutor of Clark County, Stephen A. Schumaker, and an assistant prosecutor, David E. Smith on his complaint for a declaratory judgment and injunctive relief.
The gist of Givens' complaint is that the OAPA, exercising its authority under its newly enacted Guidelines for determining a prisoner's eligibility for consideration for parole, wrongly placed him in the Category 8, Risk 5 (multiple offenses while brandishing a knife), instead of Category 6 (a single offense while in possession of a knife), which was his plea bargain with the defendant, prosecutor, and assistant prosecutor. Givens had been charged with two counts of robbery while in control of a knife, which had been plea bargained down to one count of robbery while in control of a deadly weapon, for which he was sentenced to incarceration for eight to fifteen years, which is lower than it would have been had he been found guilty and sentenced for the original two counts of robbery.
Initially, we note that the prosecutor and assistant prosecutor were dismissed as defendants because, as the trial court correctly noted: "Assuming that all the factual allegations in plaintiff's complaint are true, these facts would not warrant relief against Schumaker and Smith because they do not have anything to do with the application of parole guidelines to the plaintiff." Docket 5. A brief was filed on this appeal by the Clark County prosecutor's office asking that we affirm those dismissals. We find an act of affirmance unnecessary since the dismissal of these two defendants from the case was not appealed by Givens.
The following are the two assignments of error presented by Givens:
 1. TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY FAILING TO DETERMINE THAT THE COURT OF COMMON PLEAS HAS PROPER JURISDICTION TO CONSIDER DECLARATORY JUDGMENT CLAIMS THAT REQUEST INJUNCTIVE RELIEF.
 2. TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT BY RULING APPELLANT DID NOT COMPLY WITH THE TERMS OF R.C. § 2969.25(C)(1) WHICH CONFLICTS WITH R.C. § 2969.22 et seq.
 In the first assignment, Givens challenges the trial court's determination that it lacks jurisdiction over his complaint, and that his claims against the State must be pursued in the Ohio Court of Claims. Givens, in his pro se brief, cites Ohio Supreme Court authority to the contrary. Givens' actions against a state agency and its officers seeking a declaratory judgment and injunctive relief are not barred by the doctrine of sovereign immunity and may be brought in the Court of Common Pleas. Racing Guild of Ohio, Local 304 v. State Racing Comm.
(1986), 28 Ohio St.3d 317; State, ex rel. Connors v. Ohio Dept. of Transp. (1982), 8 Ohio App.3d 44.
The first assignment of error is sustained.
In his second assignment of error, Givens argues that he substantially complied with the requirements of R.C.2969.25(C)(1), which requires that in addition to a certain affidavit, Givens had to file a statement that sets forth the balance in his inmate account for the six months preceding the filing of the action, and it has to be certified by the institutional cashier. Givens filed the required affidavit, but failed to file the required statement of his account. Compliance with these requirements is mandatory. State, ex rel. Alford v.Winters (1997), 80 Ohio St.3d 285. The trial court properly dismissed Givens' complaint on that ground, but after he filed his appeal, he also filed with this court the statement required by the statute. We see nothing to be gained by forcing Givens to refile his complaint and submitting the required statement at that time. We find that the subsequent filing of the statement cures the initial defect and allows this court to proceed on the merits.
The second assignment of error is sustained.
As to the substance of Givens' complaint, we have dealt with this issue recently in Randolph v. Ohio Adult Parole Authority
(Jan. 21, 2000), Miami App. No. 99CA17, unreported, appeal dismissed, (May 17, 2000), 88 Ohio St.3d 1512. That case dealt with an identical set of allegations as found in this case, to-wit: that the plaintiff had been placed by the OAPA in a category higher than the one he pled to as the result of a plea bargain. We stated:
 A plea agreement "`is contractual in nature and subject to contract-law standards.'" State v. Butts
(1996), 112 Ohio App.3d 683, 685-686, 679 N.E.2d 1170, 1172, quoting Baker v. United States (C.A.6 1986), 781 F.2d 85, 90, certiorari denied (1986), 479 U.S. 1017, 107 S.Ct. 667. A county prosecutor is an agent of the state. See State v. Barnett (1998), 124 Ohio App.3d 746, 755, 707 N.E.2d 564, 570, discretionary appeal not allowed (1998), 81 Ohio St.3d 1497, 691 N.E.2d 1058; R.C. 309.08. Thus, the Miami County prosecutor entered the plea agreement with Randolph on behalf of the State of Ohio. See id.
 The APA is an administrative unit of the DRC, R.C. 5149.02, and the DRC is an administrative department of the State of Ohio. R.C. 121.02(P). As part of an administrative agency created by the state, the APA is subject to contracts made on behalf of the state. Thus, presuming that the factual allegations in the complaint are true, we cannot conclude that it is beyond doubt that Randolph could not prove a set of facts entitling him to succeed on his claim. The trial court therefore erred in dismissing his complaint for failure to state a claim upon which relief could be granted. Id., 5-6.
 The OAPA argued in Randolph, as it did in the case sub judice, that the plaintiff has no right to parole. That issue is not in contest, however. The plaintiff argues here, as the plaintiff did in Randolph, that even though the OAPA may be entitled to decide that he should serve the maximum sentence given to him by the trial court based upon circumstances it is free to consider, it should still place him in the appropriate offense seriousness category and guideline range in beginning its decision-making process as to his eventual release. We agree.
The judgment is reversed, and the matter is remanded for further proceedings consistent with this opinion.
BROGAN, J. and WOLFF, J., concur.