Relator is the defendant in State v. Hairston, Cuyahoga County Court of Common Pleas Case No. CR-322164, which has been assigned to respondent judge. Attached to the complaint in this action is a partial copy of the transcript reflecting relator's plea and the sentence. Relator requests that this court compel respondent "to adhere to the agreement that he accepted," Complaint, ad damnum clause, as reflected in the transcript.
In Case No. CR-322164, relator was charged with: Count 1, theft; Count 2, robbery. Relator has attached to the complaint a copy of some of the pages of the transcript memorializing the hearing during which he entered his guilty plea and respondent stated the sentence. Relator is correct that respondent did state that he would accept relator's plea of guilty to count one and would nolle count 2. Nevertheless, relator unequivocally pled guilty to robbery. TR., Case Nos. CR-322164 and 325216, at 7-9. Likewise, the trial court's entry of judgment reflects that relator pled guilty to robbery "as charged in count two of the indictment." Journal Entry, received for filing January 11, 1996, Vol. 1457 Pg. 0114.
Relator contends that respondent has a clear legal duty to implement the plea agreement based on the designation of the count numbers during the hearing rather than the charge per Se. Respondent has filed a motion for summary judgment and argues that relief in mandamus is not appropriate because respondent did indeed implement the plea agreement. We agree.
In State ex rel. Lesko v. Court of Common Pleas (Apr. 15, 1999), Cuyahoga App. No. 76165, unreported, the relator sought relief in mandamus to compel the court which heard his criminal matter to vacate the fine and court costs.
 The requisites for mandamus are well established: (1) the relator must have a clear legal right to the requested relief, (2) the respondent must have a clear legal duty to perform the requested relief, and (3) there must be no adequate remedy at law. Additionally, although mandamus may be used to compel a court to exercise judgment or to discharge a function, it may not control judicial discretion, even if that discretion is grossly abused. State ex rel. Ney v. Niehaus (1987), 33 Ohio St.3d 118, 515 N.E.2d 914. Furthermore, mandamus is not a substitute for appeal or a means to review errors or irregularities, if any, in the trial court. State ex rel. Keenan v. Calabrese (1994), 69 Ohio St.3d 176, 631 N.E.2d 119; State ex rel. Daggett v. Gessaman (1973), 34 Ohio St.2d 55, 295 N.E.2d 659; and State ex rel. Pressley v. Industrial Commission of Ohio (1967), 11 Ohio St.2d 141, 228 N.E.2d 631, Paragraph Three of the Syllabus. Errors, if any, regarding sentencing or denial of motions are reviewable on appeal.
Id. at 4.
Likewise, in this action, relator's complaint regarding the disposition of his criminal case are properly a subject for direct appeal of his conviction. Although relator cites State v. Butts (1996),112 Ohio App.3d 683, 679 N.E.2d 1170, as standing for the proposition that a plea agreement is contract subject to contract-law standards,Butts was a direct appeal from a conviction. See also State v. Ulrey
(Apr. 30, 1998), Cuyahoga App. No. 71705, unreported, at 7-8 (citingButts: judgment of conviction and sentence vacated and remanded for further proceedings based on the doctrine of mutual mistake). Butts and Ulrey, therefore, require the conclusion that relator could have sought relief by way of direct appeal.
Relator appealed from Case No. CR-322164 and this court affirmed that judgment. See State v. Hairston (May 20, 1999), Cuyahoga App. Nos. 75259 and 75260, unreported. In Case Nos. 75259 and 75260, this court rejected relator's arguments, inter alia, that: his plea was not voluntary and that the sentence was inappropriate. Obviously, relator had an adequate remedy by way of appeal to raise any challenge to the propriety of the judgment of conviction and sentence. Additionally, relator has not provided this court with any controlling authority that mandamus is an appropriate remedy for compelling a court to vacate a conviction and enter judgment consistent with a plea bargain.
Accordingly, we grant respondent's motion for summary judgment. Relator to pay costs. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).
Writ denied.
 ________________________________ FRANK D. CELEBREZZE, JR., JUDGE:
JAMES D. SWEENEY, P.J., and MICHAEL J. CORRIGAN, J., CONCUR.