DECISION AND JUDGMENT ENTRY
{¶ 1} This appeal comes to us from a judgment issued by the Huron County Court of Common Pleas following appellant's guilty plea pursuant to a plea agreement. Because we conclude that appellant's case presents no arguable issues meriting review, we affirm the judgment of the trial court.
 {¶ 2} Appellant, Aaron Garcia, was indicted on two counts: 1) trafficking in drugs, in violation of R.C. 2925.03(A)(1) (and (C)(3)(c); and 2) attempted possession of drugs, in violation of R.C. 29223.02(A) and 2925.11(A) and (C)(3)(f). The charges *Page 2 
stemmed from the sale of marijuana by appellant and his wife from the family home where the couple resided with their six children.
 {¶ 3} On November 10, 2005, pursuant to a plea agreement, appellant pled guilty to both counts. As part of the agreement, the state agreed to recommend a maximum combined sentence of seven years incarceration, but reduced to six years if appellant cooperated with local police and completed two undercover purchases of cocaine. Appellant was released on bond, pending sentencing. On January 24, 2006, at the sentencing hearing, the prosecutor alleged that, while out on bond, appellant had assaulted a confidential informant, was charged, and, consequently, did not complete the "buy" requirements. Appellant's counsel responded that appellant denied assaulting the informant, asserting that police had "trumped" up the charge and locked appellant up to prevent him from fulfilling the plea agreement. Appellant also addressed the court, expressing remorse and asking for leniency in sentencing.
 {¶ 4} The trial court then sentenced appellant to three years as to Count 1 and four years as to Count 2, to be served consecutively, for a combined total of seven years. The court also ordered appellant to pay $1,750 in restitution to the Metrich Drug Task Force and to pay mandatory fines of $5,000 for each count. The court then suspended the fines because it found appellant to be indigent.
 {¶ 5} Appointed appellate counsel has filed a brief and motion requesting withdrawal as appellate counsel, pursuant to the guidelines established in Anders v. California (1967), 386 U.S. 738. Counsel states that, after careful review of the record *Page 3 
and legal research, he can discern no errors by the trial court prejudicial to the rights of the appellant which present issues meriting review. Counsel further requests permission to withdraw as counsel for appellant on the basis that this case presents no issues meriting review. Counsel states that he has advised appellant of his right to file a brief on his own behalf, and that a copy of both the brief and motion to withdraw have been served upon appellant. Appellant has filed no brief on his own behalf.
 {¶ 6} We are required, pursuant to Anders, supra, to thoroughly and independently review the record to determine that counsel has made a diligent effort and that the proceedings below were free from prejudicial error and conducted without infringement of appellant's constitutional rights. Upon consideration, we conclude that counsel's brief is consistent with the requirements set forth in Anders, supra andPenson v. Ohio (1988), 488 U.S. 75.
 {¶ 7} Appellant's counsel essentially argues one potential error "that might arguably support the appeal." See Anders, supra, at 744. Appellant's counsel argues that the trial court improperly sentenced appellant to seven years, instead of six years, because appellant was prevented from complying with part of the plea agreement which required him to complete two undercover drug purchases for local police.
 {¶ 8} A plea agreement is a contract between the state and the defendant, and plea agreements are interpreted and enforced using principles of contract law. State v. Butts (1996), 112 Ohio App.3d 683,686; Baker v. United States (C.A.6, 1986), 781 F.2d 85, 90. A defendant's failure to fulfill the terms of a plea agreement will relieve the *Page 4 
government of reciprocal obligations under the agreement. United Statesv. Verrusio (C.A.7, 1986), 803 F.2d 885, 888. Whether a party to a plea agreement breached the terms and obligations of the agreement is a matter entrusted to the sound discretion of the trial court. SeeState v. Matthews (1982), 8 Ohio App.3d 145, 146.
 {¶ 9} In this case, it is undisputed that appellant did not make any cocaine buys for local police, as required under the plea agreement. Although appellant contended at the sentencing hearing that the state prevented him from completing the buys, beyond counsel's statements, no evidence was actually presented in support of this contention. Therefore, we cannot say that the trial court abused its discretion in sentencing appellant to seven years instead of six years incarceration, as provided under the original plea agreement.
 {¶ 10} Upon our own independent review of the record, we find no other grounds for a meritorious appeal. Accordingly, this appeal is found to be without merit and wholly frivolous. Appellate counsel's motion to withdraw is found well-taken and is hereby granted.
 {¶ 11} The decision of the Huron County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Huron County. JUDGMENT AFFIRMED. *Page 5 
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Mark L. Pietrykowski, P.J., JUDGE William J. Skow, J., George M. Glasser, J., CONCUR.
Judge George M. Glasser, retired, sitting by assignment of the Chief Justice of the Supreme Court of Ohio. *Page 1