OPINION JUDGMENT ENTRY
{¶ 1} Appellant appeals the denial of his motion to withdraw his plea of no contest on one count of possession of cocaine.
{¶ 2} Appellee is the state of Ohio.
 STATEMENT OF THE FACTS AND CASE
{¶ 3} Appellant was charged with one count of Possession of Cocaine, in violation of R.C. 2925.11.
{¶ 4} On June 15, 2000, appellant entered a plea of no contest to said charge.
{¶ 5} During plea negotiations, Appellant was promised consideration in the form of a recommendation of an amended charge which did not require a mandatory sentence if he cooperated with the police to help get drugs and drug dealers off the street.
{¶ 6} The trial court withheld its finding on the plea based on said negotiations, ordered a pre-sentence investigation and waited to hear further from the police or prosecutor. The court did, however, advise appellant at that time of his constitutional rights in accordance with Crim.R. 11.
{¶ 7} On July 27, 2000, the date of the sentencing hearing, Appellant failed to appear. Appellant also failed to cooperate with the police as per the negotiations.
{¶ 8} On January 12, 2001, after being arrested, appellant was brought before the court for sentencing, wherein the court accepted appellant's earlier plea of no contest, found appellant guilty, and sentenced him to five (5) years. One year of said sentence is mandatory.
{¶ 9} On April 9, 2003, Appellant filed a motion to withdraw plea.
{¶ 10} As memorialized in a Judgment Entry filed on April 25, 2003, the trial court overruled appellant's motion.
{¶ 11} On September 16, 2003, appellant filed a notice of appeal and a motion for leave to file a delayed appeal of the April 25, 2003 judgment. This court granted said motion.
 {¶ 12} Appellant now prosecutes the instant appeal, assigning the following error for review:
 ASSIGNMENT OF ERROR
{¶ 13} "I. The trial court was in error when appellant filed a motion to withdraw his guilty plea under Ohio R. 32.1 on a no contest plea, counsel was ineffective when he failed to object to polce testimony during sentencing."
 I
{¶ 14} In his sole assignment of error, Appellant argues that the trial court erred in denying his motion to withdraw his plea of no contest. We disagree.
{¶ 15} Appellant maintains that he was promised a sentence of one year. The State disagrees, citing that the trial court went so far as to make the following statement to appellant at the time of the plea:
{¶ 16} "[The Court]: This is a serious matter. This carries a third degree felony, mandatory sentencing one, two three, four, or five years. I can sentence to the penal institution for up to five years, I can fine you up to $10,000. If you are sent to prison on this case, it's mandatory that I give you one of those one, two, three, four, or five years. The prosecutor's already indicated they wouldn't object to a one year sentence, but I guess we'll wait and see on that. I decide. You understand that?
{¶ 17} "[Appellant]: Yes. (June 15, 2000, T. at 11).
{¶ 18} The court repeated the possibility of five year sentence two more times. (T. at 13-14).
{¶ 19} Criminal Rule 32.1 governs withdrawal of a guilty plea and states "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." Because appellant's request was made post-sentence, the standard by which the motion was to be considered was "to correct manifest injustice." The accused has the burden of showing a manifest injustice warranting the withdrawal of a guilty plea. State v. Smith (1977), 49 Ohio St.2d 261,361 N.E.2d 1324, paragraph one of the syllabus. In Smith, supra, the Ohio Supreme Court, citing United States v. Semel (C.A. 4, 1965), 347 F.2d 228, addressed the concept of "manifest injustice," stating that "[t]his term [manifest injustice] has been variously defined, but it is clear that under such standard, a post-sentence withdrawal motion is allowable only in extraordinary cases." Id. at 264. Furthermore, "[b]efore sentencing, the inconvenience to court and prosecution resulting from a change of plea is ordinarily slight as compared with the public interest in protecting the right of the accused to trial by jury. But if a plea of guilty could be retracted with ease after sentence, the accused might be encouraged to plead guilty to test the weight of potential punishment, and withdraw the plea if the sentence were unexpectedly severe. * * *" State v.Peterseim (1980), 68 Ohio App.2d 211, 213, 428 N.E.2d 863, quoting Kadwell v. United States (C.A. 9, 1963), 315 F.2d 667. The length of passage of time between the entry of a plea and a defendant's filing of a Crim. R. 32.1 motion is a valid factor in determining whether a "manifest injustice" has occurred. See State v. Copeland-Jackson, Ashland App. No. 02COA018, 2003-Ohio-1043.
{¶ 20} A reviewing court will not disturb a trial court's decision whether to grant a motion to withdraw a plea absent an abuse of discretion. State v. Caraballo (1985),17 Ohio St.3d 66, 477 N.E.2d 627. In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,450 N.E.2d 1140.
{¶ 21} An evidentiary hearing on a post-sentence motion to withdraw a guilty plea "is not required if the facts as alleged by the defendant, and accepted as true by the court, would not require that the guilty plea be withdrawn." State v. Blatnik
(1984), 17 Ohio App.3d 201, 204, 478 N.E.2d 1016.
{¶ 22} Upon our review of the record, we find that the trial court did not abuse its discretion in overruling appellant's motion, without a hearing, since such decision was not arbitrary, unconscionable or unreasonable.
{¶ 23} Moreover, on June 16, 2002, Appellant signed change of plea form styled Admission of Guilt/Judgment Entry which stated, in relevant part, as follows: "I withdraw my former plea of not guilty and enter a plea of NO CONTEST to the offense of Possession of Drugs, I count, R.C. 2925.11(A), a 3rd degree felony. I understand the MAXIMUM sentence is a basic prison term of 5 years of which at least 1 year is mandatory. . . ."
{¶ 24} We find that the trial court complied with Crim. R. 11 in accepting appellant's plea. Based on the foregoing, we find that appellant's argument that his plea was in effect not voluntary because it was "induced by an unkept promise" was insufficient to demonstrate manifest injustice. (Appellant's brief at 3).
{¶ 25} Furthermore, appellant did not file his motion to withdraw plea until almost three years after entering his plea and two and a half years from sentencing. We find that the trial court did not abuse its discretion in declining to find a manifest injustice warranting the extraordinary step of negating appellant's plea more than two years after entry thereof. SeeCopeland-Jackson, supra.
{¶ 26} Appellant's sole assignment of error is overruled.
{¶ 27} The judgment of the Richland County Court of Common Pleas is affirmed.
Judgment affirmed.
Gwin, P.J., and Wise, J., concur.
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Richland County, Ohio, is affirmed. Costs assessed to Appellant.