OPINION
{¶ 1} Defendant-Appellant Tysean Senta Winfield appeals his conviction and sentence in the Richland County Court of Common Pleas Court for one count of Possession of Crack Cocaine in an amount exceeding one (1) grams but not exceeding five (5) grams, a felony of the fourth degree in violation of R.C.2925.11(C)(4)(b). The following facts give rise to this appeal.
 {¶ 2} In May, 2004, Appellant was indicted on one count of possession of crack cocaine in an amount exceeding five (5) grams but not exceeding ten (10) grams, a third degree felony in violation of R.C. 2925.11(C)(4)(c).
 {¶ 3} The Appellant's attorney reached a plea agreement with the State of Ohio. Pursuant to the plea agreement, the State would reduce the charge to a fourth degree felony in exchange for an eighteen (18) month prison sentence.
 {¶ 4} The Appellant was initially before the court on April 22, 2005 for a change of plea hearing. At that time, the trial court explained the terms of the plea agreement between the Appellant and the State of Ohio. (T. at 2). The court also explained the Appellant's constitutional rights. (T. at 2). Prior to the court's explanation of post-release control, the Appellant indicated that he wanted to proceed with a trial. (T. at 2).
 {¶ 5} A few days later, the Appellant changed his mind and again wished to enter a plea. A second change of plea hearing took place on April 27, 2005. At that hearing, the trial court again explained the terms of the plea agreement. The court noted on the record that the State was amending the charge from a third degree felony to a fourth degree felony in exchange for an agreed maximum sentence of eighteen (18) months. (T. at 3). When asked if he had any objections or questions regarding the plea agreement, the Appellant replied "[n]o, sir." (T. at 3).
 {¶ 6} The court also explained the constitutional rights which the Appellant would be waiving with his guilty plea. The trial court informed the Appellant that that he had the right to have a trial by jury; that at a trial the prosecutor has the burden of proving his guilt beyond a reasonable doubt; that at a trial he gets to confront the witnesses against him through cross-examination; that at trial he has the power to compel witnesses to testify on his behalf; and that he cannot be forced to testify against himself at trial. (T. at 4-7). Finally, the trial court informed the Appellant that if he pled guilty, he would be waiving his right to a trial, and would come before the court for sentencing. (T. at 8).
 {¶ 7} At the conclusion of this colloquy, the trial court asked the Appellant if there was anything about his constitutional rights that he did not understand. (T. at 8). The Appellant replied "I understood everything you said to me, sir." (Id.). Appellant indicated that he had gone through the eleventh (11th) grade in school, and could read and write. (Id.). When asked if there were any questions in his mind regarding the situation, the Appellant stated that there were not. (Id.).
 {¶ 8} Thereafter, the trial court explained the possible maximum sentences. The Appellant was informed that for the fourth degree felony, he faced a maximum sentence of eighteen (18) months in prison. (T. at 9). Appellant was also advised that he could be placed on post-release control for up to five years, and that a violation could send him to prison for up to one half of the time of his sentence. (Id. at 9). Additionally, the trial court informed the Appellant that he faced a maximum fine of up to $5,000.00 and a mandatory driver's license suspension of up to five years. (T. at 10). When asked how he was pleading to the amended charge of possession of cocaine, a fourth degree felony, the Appellant indicated that he wished to plead guilty. (T. at 11).
 {¶ 9} In addition to the oral recitation of his rights, the Appellant was given a written admission of guilt/judgment entry. That form stated the rights explained by the court. The form also contained the following notification: "I understand my right to appeal a maximum sentence, my other limited appeal rights and that any appeal by me must be filed within 30 days of my sentence." Admission of Guilt/Judgment Entry, filed April 2, 2005. The Appellant reviewed this document with his attorney, and signed it in the presence of the court. (Id. at 12). After the Appellant signed the entry, the trial court asked him if anyone had said or done anything to force him to make a plea. (Id. at 12). The Appellant responded "[n]o, sir." (Id.). Appellant also indicated that he had come to court with the intention of entering a guilty plea. (Id.). At that point, the trial court accepted the Appellant's plea and found it to be knowing and voluntary.
 {¶ 10} Defendant-appellant timely filed a notice of appeal and has set forth the following two errors for our consideration:
 {¶ 11} "I. THE DEFENDANT'S PLEA WAS NOT KNOWINGLY AND VOLUNTARILY GIVEN WHEN THE COURT FAILED TO ACCURATELY INFORM THE DEFENDANT OF THE EFFECT OF HIS GUILTY PLEA.
 {¶ 12} "II. THE DEFENDANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL."
 I. {¶ 13} Appellant contends that he did not knowingly, intelligently or voluntarily enter his guilty plea because the trial court and defense counsel gave him misleading information about his appellate rights. Accordingly, appellant argues that the trial court erred by accepting the plea. We disagree.
 {¶ 14} A defendant's guilty plea must be knowing, intelligent, and voluntary. See State v. Engle (1996),74 Ohio St.3d 525, 527, 660 N.E.2d 450; State v. Griggs,103 Ohio St.3d 85, 814 N.E.2d 51, 2004-Ohio-4415, at ¶ 11; Crim.R. 11(C) (2) (a). In addition, pursuant to Crim.R. 11, the trial court must inform felony defendants of various constitutional and nonconstitutional rights prior to accepting a guilty plea. This requirement "ensures that defendants enter pleas with knowledge of rights that they would forgo and creates a record by which appellate courts can determine whether pleas are entered" knowingly, intelligently, and voluntarily. Griggs, at ¶ 11.
 {¶ 15} In challenging his plea, appellant contends that the trial court failed to inform him that his sentence is not subject to appeal pursuant to R.C. 2953.08(D), which states:
 {¶ 16} A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge.
 {¶ 17} A sentence is "authorized by law" and, therefore, not subject to review, if it falls within the statutory range of available sentences. See State v. Harris (Dec. 31, 2001), Franklin App. No. 01AP-340; State v. Gray, Belmont App. No. 02 BA 26, 2003-Ohio-805, at ¶ 10.
 {¶ 18} Appellant's sentence does not exceed the statutory range; therefore, it is authorized by law. Additionally, the trial court made sure that appellant understood the plea agreement and that his decision to plea was voluntary. Finally, the trial court imposed the exact sentence contemplated by both parties in the plea agreement.
 {¶ 19} Furthermore, in such cases, there is no need to make the findings required under R.C. 2929.14(B) and 2929.14(E) (4). See State v. Porterfield, 106 Ohio St.3d 5, 829 N.E.2d 690,2005-Ohio-3095 in which the Ohio Supreme Court held that "[o]nce a defendant stipulates that a particular sentence is justified, the sentencing judge no longer needs to independently justify the sentence." Id at. paragraph 25. See also State v. Horsley,
Richland App. No. 04-CA-95, 2005-Ohio-2987, State v. Turner,
Richland App. Nos. 04-CA-01, 04-CA-27, 2005-Ohio-2986. See alsoState v. Bryant, Lucas App. No. L-03-1359, 2005-Ohio-3352, in which the court held that "the eight year sentence imposed by the trial court was an agreed upon sentence and any matters concerning that sentence are not subject to review under R.C.2953.08(D) (11). Id at paragraph 24. If the trial court is not required to independently justify the sentence, and if pursuant to R.C. 2953.08 (D), compliance with R.C. 2929.19(B) (2) (c) andState v. Comer, 99 Ohio St.3d 463, 2003-Ohio-4165,793 N.E.2d 473 is not required, then there would appear to be little, if any, grounds for appellant to appeal the sentence imposed in this case.
 {¶ 20} As the court in State v. Atchley, 10th Dist. No. 04AP-841, 2005-Ohio-1124 noted "[i]n claiming that the trial court was required to inform him of the R.C. 2953.08(D) bar to appellate review, appellant relies, in part, on Crim.R. 11(C) (2) (b), which requires a trial court to ensure that a defendant knows the "effect of the plea." However, Crim.R. 11(B) defines `effect of the plea' by describing the terms `guilty' and `no contest' and by specifying that the trial court shall proceed with sentencing after accepting the plea. Crim.R. 11(B) does not reference R.C. 2953.08(D)". Id. at ¶ 10. See also, State v.Lentz, Miami App. No. 01CA31, 2003-Ohio-911, at ¶ 16.
 {¶ 21} Appellant did not premise his plea on any discussion about his appellate rights. When the trial court asked appellant if he had any questions, appellant did not raise any concerns about his appellate rights. Atchley, supra, at ¶ 13. Similarly, appellant did not indicate that he wanted to appeal any particular issue. It is well-settled that a party may not argue that the party was prejudiced by error which the party induced the trial court to commit. Lentz, supra, at ¶ 12.
 {¶ 22} Additionally, a plea agreement is generally "contractual in nature and subject to contract-law standards."State v. Butts (1996), 112 Ohio App.3d 683, 686,679 N.E.2d 1170; State v. Namack, 7th Dist. No. 01BA46, 2002-Ohio-5187 at ¶ 25. Plea agreements should be construed strictly against the government. State v. Ford (Feb. 18, 1998), 4th Dist. No. 97 CA 32, at 3; United States v. Fitch (C.A.6, 2002), 282 F.3d 364,367. "[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." Santobello v. New York (1971), 404 U.S. 257, 262,92 S.Ct. 495, 30 L.Ed.2d 427. "When an allegation is made that a plea agreement has been broken, the defendant must merely show that the agreement was not fulfilled." State v. Legree (1988),61 Ohio App.3d 568, 571, 573 N.E.2d 687. A prosecutor's failure to comply with the terms of a plea agreement may, in some circumstances, render a defendant's plea involuntary and undermine the constitutional validity of a conviction based upon that plea. Id.; Blackledge v. Allison (1977), 431 U.S. 63,97 S.Ct. 1621, 52 L.Ed.2d 136; State v. Namack, supra.
 {¶ 23} It is the duty of the trial court as a trier of fact to determine whether there has been compliance with a plea agreement. State v. Curry (1976), 49 Ohio App.2d 180, 183,359 N.E.2d 1379. Ordinarily, it is within the sound discretion of the trial court to determine a defendant's remedy when the State has breached a plea agreement. State v. Mathews (1982),8 Ohio App.3d 145, 146, 8 OBR 202, 456 N.E.2d 539; Santobello at 263. When exercising this discretion, the trial court has two possible remedies to choose from which depend upon the circumstances of the particular case, either specific performance of the agreement or withdrawal of the plea. Id.; Peavy v. United States (C.A.6, 1994), 31 F.3d 1341, 1346.
 {¶ 24} The intent of the parties to a contract presumptively resides in the ordinary meaning of the language employed in their agreement. Kelly v. Med. Life Ins. Co. (1987),31 Ohio St.3d 130, 509 N.E.2d 411, paragraph one of the syllabus. Contractual language giving rise to doubt or ambiguity must be interpreted against the party who used it. Graham v. Drydock Coal Co.
(1996), 76 Ohio St.3d 311, 313, 667 N.E.2d 949 citing Cent.Realty Co. V. Clutter (1980), 62 Ohio St.2d 411, 406 N.E.2d 515;Bellish v. C.I.T. Corp. (1943), 142 Ohio St. 36, 50 N.E.2d 147, paragraph one of the syllabus.
 {¶ 25} In order to determine whether a plea agreement has been breached, courts must examine what the parties reasonably understood at the time the defendant entered his guilty plea. SeeUnited States v. Partida-Parra (C.A.9, 1988), 859 F.2d 629;United States v. Arnett (C.A.9, 1979), 628 F.2d 1162. Smith v.Stegall (6th 2004), 385 F.3d 993, 999. Therefore, we must identify the terms of the plea agreement before we can determine if the state breached the agreement. State v. Thompson, 4th Dist. 03CA766, 2004-Ohio-2413.
 {¶ 26} In the case at bar, the relevant portions of the plea agreement are that the State would "amend this charge from a third-degree felony to a fourth degree felony for an imposition of a maximum 18 months on that charge . . ." (T. at 3). The maximum penalties for a fourth degree felony are a $5,000.00 fine and 18 months incarceration. (T. at 9). A presumption in favor of a prison sentence exists for a felony drug abuse offense involving crack cocaine. R.C. 2925.11(C) (4) (b). The maximum penalties for a third degree felony are 5 years in prison and a $10,000.00 fine. A prison sentence is mandatory for a third degree felony drug offense as charged in appellant's indictment. R.C. 2925.11(C) (4) (c).
 {¶ 27} In the case at bar, appellant entered into a contract with the State. In exchange for appellant's guilty plea, the State amended the charge from a third degree felony to a fourth degree felony. Further, as part of his consideration for the State's reduced charges, appellant agreed to a sentence of 18 months incarceration. Appellant received what he had bargained for in the case at bar.
 {¶ 28} Appellant was not misled by the trial court and counsel's representations concerning his right to appeal upon a plea of guilty. "As an example, a defendant may appeal from a guilty plea if the state did not follow through on the plea bargain. See Santobello v. New York (1971), 404 U.S. 257,262-263, 92 S.Ct. 495, 30 L.Ed.2d 427. In addition, a guilty plea does not waive subject-matter jurisdiction. State v. Shaw (Feb. 13, 1990), Franklin App. No. 89AP-759, citing Tollett v.Henderson (1973), 411 U.S. 258, 93 S.Ct. 1602, 36 L.Ed.2d 235. Likewise, a guilty plea does not preclude an attack on the constitutionality of a statute under which the defendant was convicted. Fitzpatrick, at ¶ 79. Accordingly, contrary to appellant's assertions, defense counsel and the trial court's statements were accurate explanations about his appellate rights". Atchley, supra at ¶ 15.
 {¶ 29} Therefore, defense counsel and the trial court's advice about appellant's appellate rights did not render his guilty plea involuntary, unintelligent or unknowing. Thus, we conclude that the trial court did not err by accepting the guilty plea.
 {¶ 30} Appellant's First Assignment of Error is overruled.
 II. {¶ 31} In his Second Assignment of Error, appellant argues that he was denied effective assistance of trial counsel. We disagree.
 {¶ 32} A claim of ineffective assistance of counsel requires a two-prong analysis. The first inquiry is whether counsel's performance fell below an objective standard of reasonable representation involving a substantial violation of any of defense counsel's essential duties to appellant. The second prong is whether the appellant was prejudiced by counsel's ineffectiveness. Lockhart v. Fretwell (1993), 506 U.S. 364,113 S.Ct. 838, 122 L.Ed.2d 180; Strickland v. Washington (1984),466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674; State v. Bradley
(1989), 42 Ohio St.3d 136.
 {¶ 33} In determining whether counsel's representation fell below an objective standard of reasonableness, judicial scrutiny of counsel's performance must be highly deferential. Bradley,42 Ohio St. 3d at 142. Because of the difficulties inherent in determining whether effective assistance of counsel was rendered in any given case, a strong presumption exists that counsel's conduct fell within the wide range of reasonable, professional assistance. Id.
 {¶ 34} In order to warrant a reversal, the appellant must additionally show he was prejudiced by counsel's ineffectiveness. This requires a showing that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. Bradley, supra at syllabus paragraph three. A reasonable probability is a probability sufficient to undermine confidence in the outcome.
 {¶ 35} The United States Supreme Court and the Ohio Supreme Court have held a reviewing court "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Bradley at 143, quoting Strickland at 697. Accordingly, we will direct our attention to the second prong of the Strickland test.
 {¶ 36} As noted in our disposition of Appellant's First Assignment of Error, supra, Appellant received the benefit of his plea bargain with the State. Defense counsel and the trial court's advice about appellant's appellate rights did not render his guilty plea involuntary, unintelligent or unknowing. Accordingly, we do not find appellant was prejudiced by counsel's failure to specifically inform him that he could not appeal the jointly recommend sentence.
 {¶ 37} Appellant's Second Assignment of Error is overruled.
 {¶ 38} Accordingly, the judgment of the Richland County Court of Common Pleas is affirmed.
Gwin, J., Wise, J., and Edwards, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Richland County Court of Common Pleas is affirmed.