[Cite as *State v. Walsh*, 2015-Ohio-4135.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
|  |  | JUDGES: |
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. John W. Wise, J. |
| Plaintiff-Appellee | : | Hon. Craig R. Baldwin, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 14-CA-110 |
| ANGELA M. WALSH | : |  |
|  | : |  |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:    Criminal appeal from the Licking County
Court of Common Pleas, Case No. 2014
CR 00458

JUDGMENT:    Affirmed

DATE OF JUDGMENT ENTRY:    October 1, 2015

APPEARANCES:

For Plaintiff-Appellee    For Defendant-Appellant

KENNETH OSWALT    CHRISTOPHER SHOOK
20 South Second Street, 4th Floor    33 West Main Street, P.O. Box 4190
Newark, OH 43055    Newark, OH 43058-4190

*Gwin, P.J.*

{¶1} Defendant-appellant Angela M. Walsh appeals the December 2, 2014 judgment entry of the Licking County Court of Common Pleas denying her motion to withdraw guilty plea.  Appellee is the State of Ohio.

*Facts & Procedural History*

{¶2} On June 19, 2014, appellant was indicted on one count of endangering children, violation of R.C. 2919.22, a felony of the third degree.  The bill of particulars filed on July 8, 2014 alleged that appellant, as parent or guardian of a child, recklessly created a substantial risk to the health of the safety of a two (2) year old child.  Further, that appellant became aware that the child got into prescription drugs used to treat schizophrenia and had pills in his mouth, but failed to obtain medical attention for the child until twenty-two (22) hours later and that appellant told others not to call for medical attention because she was afraid she would lose custody of the child.

{¶3} On July 10, 2014, appellee filed a motion to amend indictment to include the culpable state of recklessness.  The trial court granted this motion on July 14, 2014.  The trial court conducted a change of plea hearing on September 3, 2014.  At the hearing, appellant confirmed that she understood she was making a complete admission to the allegations contained in the indictment, that she was aware of the potential penalties for the offense up to a maximum prison sentence of thirty-six (36) months and a potential maximum fine of up to $10,000, and stated that no one threatened or coerced her in any way to get her to plead guilty.

{¶4} The trial court stated, "It's my understanding there's a recommendation here with respect to sentencing if certain conditions are met?"  The prosecutor read

these conditions into the record: the State of Ohio would not oppose release on bond pending sentencing; if no violations of her conditions of bond occur and she complies with the orders and instructions of the Juvenile Court and Children's Services as it relates to parenting, the State of Ohio would then recommend community control. The prosecutor stated that if, between the change of plea hearing and the sentencing, there are violations by appellant such as not following the rules of the Juvenile Court, Children's Services, and the trial court, the State of Ohio retained the right to recommend any sentence it then deemed appropriate. Appellant and her counsel confirmed this was their understanding of the agreement and appellant confirmed she wanted to proceed to change her plea to guilty. The trial court found appellant made a knowing, intelligent, and voluntary decision to enter a plea of guilty; that she had been informed of her constitutional rights; that she understood the nature of the charge, the effect of the guilty plea, as well as the potential penalties which could be imposed.

{¶5} Appellant's attorney requested that appellant be released on bond so, "she [could] start working her case plan with Job and Family Services and demonstrate that she can comply with the bond conditions set forth by the probation department * * * [as] these are essential qualifications for her to obtain a recommendation from the Prosecutor's office for community control in this matter." The trial court granted appellant's request to be released on bond, with certain conditions, including that she be ordered to comply with all terms of the case plan from Licking County Job and Family Services and any obligations by the Licking County Juvenile Court.

{¶6} On September 3, 2014, appellant also signed a Entry of Guilty Plea, which provides as follows:

I am entering these pleas as a result of a negotiated agreement reached by my attorney on my behalf and the Licking County Prosecutor's Office. This agreement is as follows: The Prosecutor's Office has agreed to recommend that I be released on bond following my change of plea and pending a pre-sentence investigation. If I comply with my bond conditions and any case plan from Licking County Job and Family Services, the Prosecutor's Office will recommend community control sanctions at sentencing.

{¶7} The trial court entered judgment of conviction on September 3, 2014.

{¶8} A sentencing hearing was held on October 30, 2014. The prosecutor stated that, when appellant pled, the State of Ohio agreed to recommend community control if, during the time appellant was released on bond prior to the sentencing hearing, she complied with the bond conditions and the case plan. Further, that appellant had not done many of the things she was expected to do through Job and Family Services, such as following through with alcohol and drug counseling and comply with mental health recommendations. Additionally, that appellant is living in a hotel with someone she recently met. The prosecutor stated that the Court "needs to do something to get her attention. Now, if that means sending her to prison, then send her to prison."

{¶9} Appellant's counsel stated that he was unaware of the State of Ohio's concerns and issues, but he did get a copy of the presentence investigation report. Further, that appellant had been attempting to comply with the case plan requirements. Appellant's counsel requested appellant be placed on community control. Appellant

indicated to the trial court that she was living at the EconoLodge with a man she met two months prior to the sentencing hearing. Further, that Job and Family Services never gave her the chance to work a case plan.

**{¶10}** The trial court stated that it considered the statements of the parties, the overriding purposes of felony sentencing, and the relevant seriousness and recidivism factors. Taking all of that into consideration, the trial court found appellant was not amenable to a community control sanction. The trial court noted her lackluster performance while released on bond, including her attitude towards Children's Services. In a judgment of sentence filed on October 30, 2014, the trial court stated it considered the record, statements of the parties, pre-sentence investigation, victim impact statement, the purposes and principles of sentencing in R.C. 2929.11 and balanced the seriousness and recidivism factors in R.C. 2929.13. The trial court found a prison term was consistent with the purposes and principles of sentencing under R.C. 2929.11 and appellant was not amenable to a community control sanction.

**{¶11}** Appellant filed a motion to withdraw guilty plea and/or motion for resentencing on October 31, 2014, arguing that appellee breached its plea agreement when it recommended prison time. Further, that appellee presented no evidence that appellant did not meet her case plan and bond conditions.

**{¶12}** Appellee filed a response, stating that the plea was conditional, and appellant failed to meet the conditions. In their response, appellee submitted an affidavit by appellant's social worker, Kelsey Weinstein ("Weinstein") stating that: appellant was informed of the minimum case plan requirements, including drug and alcohol assessment and counseling, mental health counseling, parenting classes, and

obtaining stable housing; she provided appellant with contact information to assist her on September 8, 2014; she met with appellant on October 16, 2014 and she had taken no steps to follow through with drug and/or alcohol counseling, mental health counseling or parenting classes; appellant had moved to a local hotel with a person she recently met; she reviewed the audio of the sentencing hearing and the prosecutor's representations at the hearing with respect to appellant's performance in meeting expectations of her case plan are, in her opinion, accurate; and appellant had the ability to take substantial initiative toward each case plan goal in seven weeks when she was released from jail in September, but she did not do so. Appellee also submitted the affidavit of Paul Burke ("Burke"), the officer at the Licking County Department of Adult Court Services who completed appellant's PSI. Burke stated that he made contact with Weinstein and she informed him of the concerns with appellant not following through with her case plan; that he was present at the sentencing hearing; and that the representations made by the prosecutor were accurate.

{¶13} The trial court issued a judgment entry on December 2, 2014 denying appellant's motion to withdraw plea. The trial court indicated that, based upon the factors submitted at the sentencing hearing, the trial court would have imposed a prison sentence even if appellee recommended community control.

{¶14} Appellant appeals the December 2, 2014 judgment entry of the Licking County Common Pleas Court and assigns the following as error:

{¶15} "I. THE TRIAL COURT ERRED BY NOT ALLOWING THE DEFENDANT-APPELLANT TO WITHDRAW HER GUILTY PLEA AFTER THE STATE OF OHIO

BREACHED ITS PLEA AGREEMENT TO RECOMMEND COMMUNITY CONTROL SANCTIONS AT THE SENTENCING HEARING."

I.

{¶16} Appellant argues the trial court erred in failing to grant his motion to withdraw based upon the State's breach of the plea agreement. A motion to withdraw plea is governed by the standards set forth in Criminal Rule 32.1, which provides that a trial court may grant a defendant's post-sentence motion to withdraw a guilty plea only to correct a manifest injustice. Therefore, "[a] defendant who seeks to withdraw a plea of guilty after the imposition of sentence has the burden of establishing the existence of manifest injustice." *State v. Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977). Although no precise definition of "manifest injustice," exists, in general, "manifest injustice relates to some fundamental flaw in the proceedings which result in a miscarriage of justice or is inconsistent with the demands of due process." *State v. Wooden*, 10th Dist. Franklin No. 03AP-368, 2004-Ohio-588. Under this standard, a post-sentence withdrawal motion is allowable only in extraordinary cases. *State v. Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977). A defendant seeking to withdraw a post-sentence guilty plea bears the burden of establishing manifest injustice based on specific facts contained in the record or supplied through affidavits attached to the motion. *State v. Graham*, 5th Dist. Delaware No. 12 CAA 11 0082, 2013-Ohio-600.

{¶17} A plea agreement is generally "contractual in nature and subject to contract-law standards." *State v. Butts*, 112 Ohio App.3d 683, 679 N.E.2d 1170 (8th Dist. Cuyahoga 1996). Plea agreements should be construed strictly against the government. *United States v. Fitch*, 282 F.3d 364 (6th Cir. 2002). "When a plea rests

in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." *Santobello v. New York*, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971). "When an allegation is made that a plea agreement has been broken, the defendant must merely show that the agreement was not fulfilled." *State v. Legree*, 61 Ohio App.3d 568, 573 N.E.2d 687 (6th Dist. Lucas 1988). A prosecutor's failure to comply with the terms of the plea agreement may, in some circumstances, render a defendant's plea involuntary and undermine the constitutionality of a conviction based upon that plea. *Blackledge v. Allison*, 431 U.S. 63, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977).

{¶18} It is the duty of the trial court as a trier of fact to determine whether there has been compliance with the plea agreement. *State v. Winfield*, 5th Dist. Richland No. 2005-CA-32, 2006-Ohio-721. The intent of the parties to a contract presumptively resides in the ordinary meaning of the language employed in the agreement. *Kelly v. Med. Life Ins. Co.*, 31 Ohio St.3d 130, 509 N.E.2d 411 (1987). Contractual language giving rise to doubt or ambiguity must be interpreted against the party who used it. *Graham v. Drydock Coal Co.*, 76 Ohio St.3d 311, 667 N.E.2d 949 (1996). In order to determine whether a plea agreement has been breached, courts must examine what the parties reasonably understood at the time the defendant entered his guilty plea. See *United States v. Partida-Parra*, 859 F.2d 629 (9th Cir. 1988). Therefore, we must identify the terms of the plea agreement before we can determine if the state breached the agreement. *State v. Winfield*, 5th Dist. Richland No. 2005-CA-32, 2006-Ohio-721.

{¶19} At appellant's entry of plea hearing, the prosecutor described the State of Ohio's obligation under the plea agreement as follows: the State of Ohio would not

oppose release on bond pending sentencing; if she does not violate the conditions of bond and she complies with the orders and instructions of the Juvenile Court and Children's Services as it relates to parenting, the State of Ohio would then recommend community control. The prosecutor continued that if between the change of plea hearing and the sentencing, appellant did not follow the rules of the Juvenile Court, Children's Services, and the trial court, the State of Ohio retained the right to recommend any sentence it then deemed appropriate.

{¶20} In addition, the entry of plea form provided, "If I comply with my bond conditions and any case plan from Licking County Job and Family Services, the Prosecutor's Office will recommend community control sanctions at sentencing." When appellant was specifically asked by the trial court whether this was her understanding of the plea agreement, appellant confirmed this was her understanding of the agreement and appellant confirmed she wanted to proceed to change her plea to guilty.

{¶21} Thus, appellant was expressly informed, by the prosecutor at the plea hearing and in the plea form, that she had to abide by specific conditions in order to obtain a recommendation of community control by the prosecutor. There was an unequivocal statement in the plea entry or at the plea hearing by the prosecutor and the conditional language modifies the State of Ohio's actions. See *State v. Ford III*, 4th Dist. Lawrence No. 97 CA 32, 1998 WL 79885 (Feb. 18, 1998). At the sentencing hearing, the prosecutor detailed specifically how appellant failed to meet these specific conditions. Though appellant argues that her counsel was not aware of these issues prior to the sentencing hearing and that there was no testimony by an individual with actual knowledge of her compliance with the case plan, appellant did not request a

continuance of the sentencing hearing to review the issues or to obtain testimony of the social worker. Further, in appellee's response to appellant's motion, appellee submitted an affidavit by appellant's social worker stating that she reviewed the audio of the sentencing hearing and the prosecutor's representations at the hearing with respect to appellant's performance in meeting expectations of her case plan are, in her opinion, accurate.

{¶22} Accordingly, appellee did not breach the plea agreement because the agreement was conditional. It was appellant who breached the plea agreement by failing to abide by the specific conditions. The prosecutor did not breach the agreement because appellant's failure to satisfy a condition on which the recommendation was promised relieved the prosecutor of his duty to perform. See *State v. Gilroy*, 195 Ohio App.3d 173, 2011-Ohio-4163,959 N.E.2d 19 (2nd Dist. Montgomery); *State v. Adkins*, 161 Ohio App.3d 114, 2005-Ohio-2577, 829 N.E.2d 729 (4th Dist. Athens). This does not render the guilty plea other than knowing and voluntary. Furthermore, it is clear from the record that appellant knew that the prosecutor's recommendation was conditional and entered her guilty plea on that basis. *State v. Gilroy*, 195 Ohio App.3d 173, 2011-Ohio-4163,959 N.E.2d 19 (2nd Dist. Montgomery). Our review of appellant's plea reveals that appellant was afforded a thorough hearing prior to entering her plea, and, the trial court complied with Criminal Rule 11 in accepting her guilty plea by advising her of all the constitutional rights she was giving up by pleading guilty. There is no indication that a "manifest injustice" has occurred warranting the withdrawal of appellant's plea.

**{¶23}** Further, the trial court specifically stated that, even if the prosecutor had recommended a community control sentence, based upon the factors submitted at the sentencing hearing, the trial court still would have imposed a prison sentence. Thus, even absent the prosecutor's comments, appellant's sentence would not have been any different. *State v. Hansen*, 7th Dist. Mahoning No. 11 MA 63, 2012-Ohio-4574; *State v. Namack*, 7th Dist. Belmont No. 01 BA 46, 2002-Ohio-5187. "A defendant whose plea agreement has been broken will not always be able to show prejudice, either because he obtained the benefits contemplated by the deal anyway or because he likely would not have obtained those benefits in any event." *U.S. v. Keller*, 665 F.3d 711 (6th Cir. 2011).

**{¶24}** Appellant finally argues the trial court erred in not holding a hearing on her motion to withdraw plea. A trial court is not automatically required to hold a hearing on a post-sentence motion to withdraw a guilty plea. *State v. Spivakov*, 10th Dist. No. 13AP-32, 2013-Ohio-3343. A hearing must only be held if the facts alleged by the defendant, accepted as true, would require that the defendant be allowed to withdraw the plea. *State v. Harris*, 5th Dist. Coshocton No. 2013CA0013, 2014-Ohio-2633. Generally, a self-serving affidavit or statement is insufficient to demonstrate manifest injustice. *State v. Aleshire*, 5th Dist. Licking No. 2011-CA-73, 2012-Ohio-16. Further, a hearing is not required if the record indicates that the movant is not entitled to relief and the movant has failed to submit evidentiary documents sufficient to demonstrate a manifest injustice. *State v. Cargill*, 9th Dist. Summit No. 27590, 27011, 2015-Ohio-661.

**{¶25}** The decision whether to hold a hearing on a post-sentence motion to withdraw a guilty plea is left to the discretion of the trial court. *State v. Smith*, 49 Ohio

St.2d 261, 361 N.E.2d 1324 (1977).  Therefore, this Court's review of the trial court's decision not to hold a hearing is limited to a determination of whether the trial court abused its discretion.  *State v. Harris*, 5th Dist. Coshocton No. 2013CA0013, 2014-Ohio-2633.

{¶26}  In this case, we find the trial court did not abuse its discretion in ruling on appellant's motion to withdraw without conducting a hearing on the motion.  The allegations contained in the motion were insufficient in this case to demonstrate a manifest injustice or demonstrate a breach of the conditional plea agreement.

{¶27}  Based upon the foregoing, appellant's assignment of error is overruled. The December 2, 2014 judgment entry of the Licking County Court of Common Pleas is affirmed.

By Gwin, P.J.,

Wise, J., and

Baldwin, J., concur