[Cite as *State v. Devore*, 2020-Ohio-4668.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | : | Hon. W. Scott Gwin, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case Nos. 20CA21 |
| | : | 20CA22 |
| ADAM M. DEVORE | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING: Appeal from the Richland County Court
of Common Pleas, Case Nos. 12CR563
and 12CR742

JUDGMENT: AFFIRMED

DATE OF JUDGMENT ENTRY: September 30, 2020

APPEARANCES:

For Plaintiff-Appellee:                     For Defendant-Appellant:

GARY BISHOP                                 ADAM DEVORE, PRO SE
RICHLAND CO. PROSECUTOR                     Inmate No. A704-923
JOSEPH C. SNYDER                            Richland Correctional Institution
38 South Park St.                           P.O. Box 8107
Mansfield, OH 44902                         Mansfield, OH 44905

*Delaney, J.*

{¶1} This is a consolidated appeal from two judgment entries of the Richland County Court of Common Pleas, both overruling appellant's motion to withdraw his guilty pleas: the Order on Pending Motions of January 27, 2020 [case number 12-CR-742] and Order on Pending Motions of January 28, 2020 [case number 12-CR-563]. Appellee is the state of Ohio.

**FACTS AND PROCEDURAL HISTORY**

{¶2} On August 13, 2012, appellant was charged by indictment with one count of domestic violence pursuant to R.C. 2919.25(A), a felony of the fourth degree [Richland County Court of Common Pleas case number 12-CR-0563].

{¶3} On October 11, 2012, appellant was charged by bill of information with one count of intimidation pursuant to R.C. 2921.04(B), a felony of the third degree [Richland County Court of Common Pleas case number 12-CR-0742].

{¶4} On or around October 15, 2012, appellant entered pleas of guilty in both cases. We note that in the Admission of Guilt/Judgment Entry dated October 15, 2012, in case number 12-CR-742, the entry notes "Dismiss: Obstructing Justice, Count II, 2921.32, F-5."

{¶5} We further note that on October 15, 2012, the day he entered his guilty pleas, appellant signed a Waiver of One-Day Service of the bill of information and a Waiver of Indictment. The Summons upon the bill of information states "to be served in court."

{¶6} On November 21, 2012, the trial court sentenced appellant to a term of community control. The record indicates appellant's period of community control was successfully terminated on August 27, 2014.

{¶7} On December 12, 2019, appellant filed motions to consolidate both cases and to withdraw his pleas of guilty. Appellant asserts he received ineffective assistance of trial counsel during his guilty pleas because he was told his pleas of guilty were in exchange for dismissal of "Obstructing Justice, Count II" when in fact there is no Count II in the October 11, 2012 Bill of Information.

{¶8} Appellant further cites a police report dated October 9, 2012, describing incidents of appellant allegedly harassing the victim in telephone calls from the Richland County Jail. In pertinent part, the report states, "Per Prosecutor Pigg, Felony Warrants for Intimidation and Obstructing Justice were completed and served upon [appellant], at the incident location."

{¶9} Appellee responded with a memorandum in opposition and appellant replied. The trial court overruled appellant's motion to withdraw his guilty pleas on January 27, 2020.

{¶10} Appellant now appeals from the trial court's Judgment Entry of January 27, 2020.

{¶11} Appellant raises one assignment of error:

**ASSIGNMENT OF ERROR**

{¶12} "THE TRIAL COURT ERRED TO THE PREJUDICE OF DEVORE BY ABUSING ITS DISCRETION AND MAKING UNREASONABLE FACTUAL FINDINGS IN OVERRULING DEVORE'S CRIM.R. 32.1 MOTION TO WITHDRAW GUILTY PLEAS WITHOUT A HEARING."

**ANALYSIS**

{¶13} In his sole assignment of error, appellant argues the trial court should have permitted him to withdraw his pleas of guilty because he was not charged with obstructing justice as referenced in the Admission of Guilt/Judgment Entry of October 15, 2012. We disagree.

{¶14} Appellant did not appeal from his conviction and sentence; this appeal arose from appellant's post-sentence motion to withdraw his guilty pleas. A motion to withdraw plea is governed by the standards set forth in Criminal Rule 32.1, which provides that a trial court may grant a defendant's post-sentence motion to withdraw a guilty plea only to correct a manifest injustice. Therefore, "[a] defendant who seeks to withdraw a plea of guilty after the imposition of sentence has the burden of establishing the existence of manifest injustice." *State v. Smith,* 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977). Although no precise definition of "manifest injustice" exists, in general, "manifest injustice relates to some fundamental flaw in the proceedings which result in a miscarriage of justice or is inconsistent with the demands of due process." *State v. Walsh*, 5th Dist. Licking No. 14-CA-110, 2015-Ohio-4135, ¶ 16, citing *State v. Wooden,* 10th Dist. Franklin No. 03AP–368, 2004–Ohio–588. Under this standard, a post-sentence withdrawal motion

is allowable only in extraordinary cases. *State v. Smith,* 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977).

{¶15} A defendant seeking to withdraw a post-sentence guilty plea bears the burden of establishing manifest injustice based on specific facts contained in the record or supplied through affidavits attached to the motion. *Walsh*, supra, 2015-Ohio-4135 at ¶ 16, citing *State v. Graham,* 5th Dist. Delaware No. 12 CAA 11 0082, 2013–Ohio–600.

{¶16} In the instant case, appellant provided his own affidavit stating in pertinent part that while he was incarcerated and awaiting trial on the domestic violence charge, he was served with a "paper" by a Mansfield police officer describing a charge of intimidation and a charge of obstruction of justice. Appellant states, "Said paper appeared to be another indictment if recollection serves to be correct." Affidavit ¶ 2. Appellant acknowledges that he was arraigned and entered guilty pleas on October 12, 2012 to one charge of domestic violence and one charge of intimidation. Appellant further asserts that he changed his pleas to guilty in exchange for appellee dropping the nonexistent count of obstruction. Affidavit ¶ 4.

{¶17} We have often observed a self-serving affidavit or statement is generally insufficient to demonstrate manifest injustice. *State v. Patterson*, 5th Dist. Stark No. 2003CA00135, 2004-Ohio-1569, 2004 WL 615751, ¶ 20.

{¶18} Moreover, even assuming appellant's factual assertions are correct, he has failed to demonstrate manifest injustice. His argument overlooks the fact that he waived indictment and one-day service, and was charged in the latter intimidation case via a bill of information. As the trial court pointed out in the decision overruling the motion to withdraw the guilty pleas, "[a] bill of information allows a defendant and the State to enter

a plea bargain prior to charges actually being filed as a bill of information requires the defendant to waive the right to be indicted by grand jury." Jan. 28, 2020 Entry, 2. Appellant claims he was tricked by his own counsel and the prosecutor into pleading guilty to avoid a non-existent charge. The more likely explanation is that if appellant had not agreed to plead to the bill of information, the bill would have been withdrawn and appellee would have sought indictment upon one count of intimidation and one count of obstruction.

{¶19} Further, we fail to see how these facts create a manifest injustice such that a fundamental flaw occurred in the proceedings resulting in a miscarriage of justice, or is inconsistent with the demands of due process. See, *State v. Walsh*, 5th Dist. Licking No. 14-CA-110, 2015-Ohio-4135, supra, at ¶ 16. Appellant entered pleas of guilty, and was convicted, upon two counts instead of three. He avoided a fifth-degree felony count of obstruction of justice. By appellant's own admissions in the police report attached to his motion, he could have been indicted upon separate counts for each phone call he made to the victim threatening her or advising her not to testify.

{¶20} The lengthy delay in filing of appellant's motion to withdraw guilty pleas is also problematic. As noted supra, appellant successfully completed his term of community control in 2014. Five years later, he filed the motion to withdraw his guilty pleas. The length of passage of time between the entry of a plea and a defendant's filing of a Crim. R. 32.1 motion is a valid factor in determining whether a "manifest injustice" has occurred. *State v. Lane*, 5th Dist. Richland No. 03-CA-89, 2004-Ohio-2235, ¶19, citing *State v. Copeland-Jackson,* Ashland App. No. 02COA018, 2003-Ohio-1043.

{¶21} A reviewing court will not disturb a trial court's decision whether to grant a motion to withdraw a plea absent an abuse of discretion. *State v. Caraballo*, 17 Ohio St.3d 66, 477 N.E.2d 627 (1985). In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983). In the instant case, we find no abuse of discretion by the trial court.

{¶22} We find appellant's argument that his plea was in effect not voluntary because it was induced by appellee's decision to drop or not indict upon a count of obstruction is insufficient to demonstrate manifest injustice. See *Lane*, supra, 5th Dist. Richland No. 03-CA-89, 2004-Ohio-2235, at ¶ 19. As to appellant's argument that the trial court should have held a hearing on the motion, "[a] hearing on a post-sentence Crim.R. 32.1 motion is not required if the facts alleged by the defendant and accepted as true by the trial court would not require the court to permit a guilty plea to be withdrawn." *Id*. The trial court in the instant case therefore did not abuse its discretion in failing to hold a hearing upon appellant's motion.

{¶23} Finally, appellant's allegations of ineffective assistance of counsel are not appropriately raised in a motion to withdraw guilty pleas.

{¶24} Appellant negotiated a sentence of community control before entering the guilty pleas. Counsel at all times represented appellant. Appellant was sentenced in accordance with his agreement. Appellant has not explained why he waited over five years after he entered his plea before filing his motion to withdraw the pleas. *State v. Lathan*, 5th Dist. Guernsey No. 09-CA-42, 2010-Ohio-4540, ¶ 42, appeal not allowed, 127

Ohio St.3d 1534, 2011-Ohio-376, 940 N.E.2d 987.  The trial court did not abuse its discretion in overruling appellant's motion to withdraw his pleas of guilty.

{¶25} Appellant's sole assignment of error is therefore overruled and the judgment of the Richland County Court of Common Pleas is affirmed.

**CONCLUSION**

{¶26} Appellant's sole assignment of error is overruled and the judgment of the Richland County Court of Common Pleas is affirmed.

By:  Delaney, J.,

Hoffman, P.J. and

Gwin, J., concur.