[Cite as *State v. Childress*, 2025-Ohio-2429.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | Hon. Kevin W. Popham, J.<br>Hon. David M. Gormley, J. |
| -vs- | |
| MICHAEL A. CHILDRESS | Case No. 2025 CA 0006 |
| Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDINGS:    Appeal from the Richland County Court of
                             Common Pleas, Case No. 2022 CR
                             0323N

JUDGMENT:    Affirmed

DATE OF JUDGMENT ENTRY:    July 8, 2025

APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant

JODIE M. SCHUMACHER                   ANTHONY J. RICHARDSON
Prosecuting Attorney                  27457 Holiday Lane, Suite E
Richland County, Ohio                 Perrysburg, Ohio 43551

MICHELLE FINK
Assistant Prosecuting Attorney
Richland County, Ohio
38 South Park Street
Mansfield, Ohio 44902

*Hoffman, P.J.*

{¶1}   Defendant-appellant Michael A. Childress appeals the December 31, 2024 Order entered by the Richland County Court of Common Pleas, which denied his motion to withdraw guilty plea.  Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE CASE[1]

{¶2}   On May 19, 2022, the Richland County Grand Jury indicted Appellant on one count of murder, in violation of, R.C. 2903.02(A) and (D), and R.C. 2929.02(B), an unclassified felony (Count 1); one count of murder, in violation of R.C. 2903.02(B) and (D), and R.C. 2929.02(B), an unclassified felony (Count 2); one count of felonious assault, in violation of R.C. 2903.11(A)(2) and (D)(1)(a), a felony of the second degree (Count 3); one count of domestic violence, in violation of R.C. 2919.25(A) and (D)(2), a misdemeanor of the first degree (Count 4); and one count of having weapons while under disability, in violation of R.C. 2923.13(A)(2) and (B), a felony of the third degree (Count 5).  Counts 1, 2, 3, and 5 carried attendant three-year firearm specifications. The charges arose from a May 1, 2022 shooting incident at 1050 West Fourth Street, Ontario, Richland County, Ohio, which resulted in the death of Kenneth D. Norris.

{¶3}   Appellant appeared before the trial court for arraignment on May 31, 2022, and entered a plea of not guilty to the charges.  The trial court originally scheduled the jury trial for August 2, 2022, but, after several continuances, set the matter for trial on November 1, 2022.  On October 28, 2022, counsel for Appellant advised the trial court the parties had agreed to a potential resolution.

---

[1] A Statement of the Facts is not necessary to our disposition of this appeal.

{¶4}    The trial court conducted a change of plea hearing on November 4, 2022. Pursuant to the terms of the plea agreement, Appellant agreed to plead guilty to Count 2, murder, and the attached firearm specification; Count 4, domestic violence; and Count 5, having weapons while under disability, as amended, and, in exchange, the State would dismiss Counts 1 and 3, and the attendant firearm specifications as well as the firearm specification attached to Count 5. The trial court conducted a Crim.R. 11 colloquy with Appellant, accepted Appellant's pleas, and found him guilty of Counts 2, 4, and 5, and the firearm specification attached to Count 2.  The trial court deferred sentencing pending a pre-sentence investigation and report.  The trial court issued an Admission of Guilt/Judgment Entry on November 7, 2022.

{¶5}    On December 15, 2022, the trial court conducted a sentencing hearing, at which time it imposed a mandatory eighteen (18) years to life on Count 2 with the firearm specification, 180 days on Count 4, and 36 months on Count 5.  The trial court ordered the sentence on Count 4 be served concurrently with the sentence on Count 2, and the sentence on Count 5 be served consecutively to the sentence on Count 2.  The trial court ordered Appellant to pay $7,080.00, in restitution. Appellant was given 209 days jail time credit. The trial court memorialized Appellant's sentence via Sentencing Entry/Violent Offender issued December 19, 2022.  Appellant did not appeal his sentence.

{¶6}    Appellant filed a motion to withdraw guilty plea on December 18, 2024. Therein, Appellant asserted defense counsel erroneously advised him the sentence for the firearm specification would not run consecutively to his other sentences.  Appellant added, because of his low IQ he was unable to understand the proceedings against him. Appellant further argued "no long delay exist[ed] between his guilty plea and his motion

for withdraw of his guilty pleas because the delay was a result of [Appellant] asking his counsel to file an appeal." Motion to Withdraw Guilty Plea at p. 5. Appellant attached his own affidavit in support of his motion.

{¶7} Via Order filed December 31, 2024, the trial court denied Appellant's motion to withdraw. The trial court found the admission of guilt form Appellant signed at the change of plea hearing "clearly states that his sentence was a mandatory 18 years to life, with the gun specification." December 31, 2024 Entry at p. 1, unpaginated. The trial court additionally found Appellant acknowledged orally, and in writing, he understood the plea agreement between the parties. The trial court further noted the presentence investigation revealed "no low functioning or difficulties." *Id.* at p. 2, unpaginated.

{¶8} It is from this order Appellant appeals, raising as his sole assignment of error:

THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION
FOR WITHDRAWAL OF HIS PLEA.

I

{¶9} A reviewing court will not disturb a trial court's decision whether to grant a motion to withdraw a plea absent an abuse of discretion. *State v. Caraballo*, 17 Ohio St.3d 66 (1985). In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore*, 5 Ohio St.3d 217 (1983).

{¶10} Crim. R. 32.1 governs the withdrawal of guilty pleas and provides:

A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea.

Crim. R. 32.1.

{¶11} A defendant who seeks to withdraw a plea of guilty after the imposition of sentence has the burden of establishing the existence of manifest injustice. *State v. Smith*, 49 Ohio St.2d 261, paragraph one of the syllabus (1977). A "manifest injustice" is a "clear or openly unjust act," *State ex rel. Schneider v. Kreiner*, 83 Ohio St.3d 203, 208 (1998), "evidenced by an extraordinary and fundamental flaw in a plea proceeding." (Citation omitted.) *State v. Tekulve*, 2010-Ohio-3604, ¶ 7 (1st Dist.). The term "has been variously defined, but it is clear that under such standard, a post-sentence withdrawal motion is allowable only in extraordinary cases." *Smith*, supra at 264.

{¶12} Appellant failed to include a transcript of the change-of-plea hearing in the record for purposes of appeal. The trial court record was transmitted to this Court without the transcripts of the proceedings. "When portions of the transcript necessary for resolution of the assigned error(s) are omitted from the record, the court has no choice but to presume the validity of the lower court's proceedings, and to affirm." *Knapp v. Edwards Labs.*, 61 Ohio St.2d 197, 199 (1980). Even so, we endeavor to review the assignment of error to the extent possible from the information properly before us.

{¶13} Here, although our review is hampered by the lack of transcripts in the record, after reviewing the information present in the record before us, we conclude,

under the totality of the circumstances, Appellant subjectively understood the implications of his plea and the rights he was waiving. The Admission of Guilt form Appellant signed at the change-of-plea hearing specifically states:

> I understand the MAXIMUM sentence is a basic prison term of __LIFE____ of which __18 years____ are mandatory. I am not eligible for judicial release during the mandatory imprisonment.
> Admission of Guilt/Judgment Entry at p. 1, unpaginated.

{¶14} Appellant also initialed each page of the form. We find Appellant's claim trial counsel informed him the firearm specification would not run consecutively to the rest of his sentence is belied by his execution of the Admission of Guilt form which clearly states 18 years of his sentence were mandatory. We presume Appellant read the form before initialing and signing it.

{¶15} Further, the two-year delay between the imposition of sentence and Appellant filing his motion to withdraw guilty plea is problematic. Any undue delay between the occurrence of the alleged cause for withdrawal of a guilty plea and the filing of a motion under Crim.R. 32.1 is a factor adversely affecting the credibility of the movant and militating against the granting of the motion." *Smith,* 49 Ohio St.2d at paragraph three of the syllabus.

{¶16} Upon review of the record, we find Appellant has failed to establish the existence of manifest injustice. Appellant's self-serving affidavit attached to his motion to withdraw guilty plea is insufficient to demonstrate manifest injustice. As such, we find the

trial court did not abuse its discretion in denying Appellant's motion to withdraw his guilty plea.

**{¶17}** Appellant's sole assignment of error is overruled.

**{¶18}** The judgment of the Richland County Court of Common Pleas is affirmed.


By: Hoffman, P.J.

Popham, J. and

Gormley, J.  concur