[Cite as *State v. Dilts*, 2026-Ohio-1667.]

IN THE OHIO COURT OF APPEALS
FIFTH APPELLATE DISTRICT
KNOX COUNTY, OHIO

| | |
|---|---|
| STATE OF OHIO, | Case No. 25CA000011 |
| Plaintiff - Appellee | <u>Opinion And Judgment Entry</u> |
| -vs- | Appeal from the Mount Vernon Municipal Court, Case No. 2024 CRB 0218 |
| PHILLIP DILTS, | Judgment: Affirmed |
| Defendant - Appellant | Date of Judgment Entry: May 6, 2026 |

**BEFORE:** Andrew J. King; Craig R. Baldwin; Robert G. Montgomery, Judges

**APPEARANCES:** BRITTANY A. WHITNEY, for Plaintiff-Appellee; MICHAEL L. BROWN, for Defendant-Appellant.

*Montgomery, J.*

{¶1}   Defendant-Appellant, Phillip Dilts ("Appellant"), appeals from the Mount Vernon Municipal Court's decision denying his post-sentence motion to withdraw his no contest pleas to domestic violence.  For the reasons below, we AFFIRM.

## STATEMENT OF RELEVANT FACTS

{¶2}   In 2024, Appellant was charged with two counts of Domestic Violence, both violations of R.C. 2919.25(A), and one count of Sexual Conduct with an Animal, a violation

of R.C. 959.21(B). On August 12, 2024, after discovery was fully exchanged between the State and defense counsel, Appellant entered a plea of "no contest" to two counts of domestic violence; the State agreed to dismiss the sexual conduct with an animal charge. The court held a sentencing hearing immediately after the plea. Appellant received supervision and jail was stayed until a review hearing.

{¶3} On July 17, 2025, nearly one year after Appellant's guilty plea was entered, he filed a motion to withdraw his plea ("Motion") pursuant to Crim.R. 32.1. Said Motion alleged that testimony at a January 6, 2025 Civil Protection Order (CPO) hearing, which awarded Appellant's wife a five-year CPO against him, constituted newly discovered facts that would have changed the outcome of his domestic violence case. The Motion focused on admissions that Appellant's daughter slapped him and that Appellant's car keys were taken to prevent him from leaving.

{¶4} On August 18, 2025, the Mount Vernon Municipal Court held a hearing on Appellant's Motion. Appellant did not call any witnesses but argued that statements made on cross examination during the CPO hearing undermined the credibility of the domestic violence charges against him. The crux of the testimony Appellant set forth in the Motion was that, (1) Appellant's daughter slapped/shoved him, thereby instigating the resulting contact; and (2) Appellant's daughter took his car keys, preventing him from leaving the situation. Appellant referenced partial excerpts from the CPO hearing transcript; however, the entirety of the transcript was not offered as an Exhibit.

{¶5} The State responded that this evidence was previously disclosed during the discovery phase of the domestic violence case, before Appellant pled no contest. The trial court denied Appellant's Motion. Appellant filed the instant appeal.

## SOLE ASSIGNMENT OF ERROR

{¶6} "I. THE JUDGE ABUSED HIS DISCRETION IN NOT ALLOWING DEFENDANT-APPELLANT TO WITHDRAW HIS PLEA." [1]

## STANDARD OF REVIEW

{¶7} A motion to withdraw a plea is governed by Crim. R. 32.1, which provides: "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." *State v. Kohler*, 2023-Ohio-1772, ¶ 10 (5th Dist.). This Court recognizes a Crim.R. 32.1 post-sentence motion to withdraw a plea as a distinct avenue for relief. *State v. Cramer*, 2010-Ohio-2591 (5th Dist.). As opposed to a presentence motion to withdraw, which is to be considered liberally by the court, a post-sentence withdrawal motion is allowable only in extraordinary cases. *State v. Smith,* 49 Ohio St.2d 261, 264 (1977); *State v. Casey,* 2024-Ohio-5284, ¶ 22 (5th Dist.).

{¶8} A post-sentence motion to withdraw a plea is governed by the "manifest injustice" standard. *See* Crim.R. 32.1. A manifest injustice has been defined as a "clear or openly unjust act." *State ex rel. Schneider v. Kreiner*, 83 Ohio St.3d 203, 208 (1998); *State v. Childress,* 2025-Ohio-2429, ¶ 11 (5th Dist.). The defendant seeking to withdraw the post-sentence has the burden of establishing manifest injustice based on specific facts contained in the record or supplied through affidavits attached to the motion. *State v.*

---

[1] On April 16, 2026, Appellant filed a motion to supplement the record with an affidavit from trial counsel. The Motion is **GRANTED**. Notwithstanding granting this Motion, and for the reasons set forth herein, the affidavit does not aid Appellant in demonstrating manifest injustice that is necessary to find that the trial court abused its discretion.

*Waterhouse,* 2022-Ohio- 655, ¶ 9 (5th Dist.), citing *State v. Walsh,* 2015-Ohio-4135, ¶ 16 (5th Dist.).

{¶9} Because the decision of whether an injustice exists requires an examination of the underlying facts asserted in the motion, we review a trial court's refusal to allow a post-sentence motion to withdraw under an abuse of discretion standard. *Childress,* at ¶ 9. A trial court does not abuse its discretion unless "the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgement." *Id.,* citing *Blakemore v. Blakemore,* 5 Ohio St.3d 21 (1983). Importantly, this Court has stated, "[a]ny undue delay between the occurrence of the alleged cause for withdrawal of a guilty plea and the filing of a motion under Crim. R. 32.1 is a factor adversely affecting the credibility of the movant and militating against the granting of the motion." *Childress,* at ¶ 15, citing *Smith,* supra.

## ANALYSIS

{¶10} Here, Appellant did not file his Motion for nearly one year after his no contest pleas, and over five (5) months after the CPO hearing. Aside from the extended delay, Appellant completely fails to satisfy his burden of establishing the requisite manifest injustice. The record reveals that the information Appellant claims helps him was available prior to his no contest pleas, and was provided to Appellant's defense counsel during the discovery phase of the underlying criminal case. *See State's Response to Defense Counsel's Requests for Discovery,* dated April 10, 2024; April 17, 2024; and April 26, 2024.

{¶11} For example, regarding the statement that Appellant's daughter struck him, the prosecutor states as follows at the hearing on Appellant's Motion:

Miss Dilts having physical contact with her father was apparent at numerous points through the discovery provided, including the very original 911 call. It was always a part of the factual analysis that Mr. Dilts had been physical with her mother and that she had interjected herself into that situation in defense of her mother.

But the statements that are made such that he - - that she had punched him even, that things got really bad between me and dad over there. I mean, we were on each other. We wrestled out. So, * * * actually what was available to defense counsel or excuse me, what was available to Mr. Dilts at the time that he made decision to enter a counseled plea was even more significant than Miss Dilts saying that she had slapped her father.

*Mtn. Hrg. Tr.* at p. 5.

The record confirms the above. Aside from the original 911 call, the original police reports and witness statements contain information that Appellant's daughter did in fact have physical contact with Appellant during the domestic violence situation. Thus, even if Appellant did not have the 911 call before his pleas (see defense counsel's affidavit), the facts of the case had always included that Appellant's daughter intervened to try and protect her mother.

{¶12} Further, Appellant's wife and daughter conveyed to law enforcement at the scene that they removed the keys to both vehicles at the residence to prevent Appellant from leaving because he had been drinking and threatened to shoot himself in the head. The State represents that this information is confirmed by the officer's body cam video, State's Exhibit 1, provided to Appellant's defense counsel in the State's discovery response

on April 10, 2024. No doubt, the domestic violence situation was extremely chaotic and had many moving parts.

{¶13} Appellant completely fails to demonstrate that any testimony during the CPO hearing was inconsistent with the evidence either provided to Appellant, or available for inspection by Appellant, during the discovery phase of the criminal domestic violence case. Hence, Appellant cannot demonstrate circumstances so extraordinary or an "openly unjust act" that his plea must be withdrawn post-sentence. *Kreiner*, supra; *Childress,* at ¶ 11. Accordingly, the trial court's decision was not unreasonable, arbitrary, or unconscionable in denying Appellant's Motion. **Appellant's sole assignment of error is overruled.**

## CONCLUSION

{¶14} The trial court did not abuse its discretion in denying Appellant's post-sentence motion to withdraw his no contest pleas to domestic violence. Accordingly, Appellant's sole assignment of error is overruled and the judgment of the Mount Vernon Municipal Court is AFFIRMED.

{¶15} Costs to Appellant.

By: Montgomery, J.
King, P.J. and
Baldwin, J. concur.